ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
                UNITED STATES DISTRICT COURT
9
              SOUTHERN DISTRICT OF CALIFORNIA
10
11
12
13  LARRY McIVER,                          No. '08 CV 0132 IEG WMc

14         Plaintiff,
                                           **Plaintiff's Complaint**
15         vs.

16  TARGET CORPORATION dba
17  TARGET #274; COST PLUS, INC.
    dba COST PLUS WORLD
18  MARKET #145; FRIT
19  ESCONDIDO PROMENADE, LLC;
    LA SALSA, INC. dba LA SALSA
20  #93; APPLEBEE'S
21  RESTAURANTS WEST, LLC dba
    APPLEBEE'S NEIGHBORHOOD
22  BAR & GRILL #5711; TOYS 'R' US
23  - DELAWARE, INC. dba TOYS 'R'
    US #5633; PARTY CITY
24  CORPORATION dba PARTY CITY
25  OF ESCONDIDO #445; INLAND
    WESTERN MDS PORTFOLIO,
26  LLC,
27
28         Defendants.

    *McIver v. Escondido Promenade*
    Plaintiff's Complaint
                                    Page 1

FILED
08 JAN 23 PM 3:43

BY: _____ DEPUTY

I. SUMMARY

1.    This is a civil rights action by plaintiff Larry McIver ("McIver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

La Salsa #93
1290 Auto Park Way
Escondido, CA 92029
(hereafter "the La Salsa Facility")

Applebee's Neighborhood Bar & Grill #5711
1216 Auto Park Way
Escondido, CA 92029
(hereafter "the Applebee's Facility")

Cost Plus World Market #145
1256 Auto Park Way
Escondido, CA 92029
(hereafter "the Cost Plus Facility")

Toys 'R' Us #5633
1240 Auto Park Way
Escondido, CA 92029
(hereafter "the Toys 'R' Us Facility")

Party City of Escondido #445
1270 Auto Park Way
Escondido, CA 92029
(hereafter "the Party City Facility")

Mervyn's #195
1200 Auto Park Way
Escondido, CA 92029
(hereafter "the Mervyn's Facility")

Target #274
1280 Auto Park Way
Escondido, CA 92029
(hereafter "the Target Facility")

The Common Area
 1210-1290 Auto Park Way
Escondido, CA  92029
(hereafter "the Common Area")

2.     Pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes, McIver seeks damages, injunctive and declaratory relief, and attorney fees and costs, against:

- Target Corporation dba Target #274 (hereinafter the "Target Defendant")
- Cost Plus, Inc. dba Cost Plus World Market #145 and FRIT Escondido Promenade, LLC (hereinafter the "World Market Defendants")
- La Salsa, Inc. dba La Salsa #93 and FRIT Escondido Promenade, LLC (hereinafter the "La Salsa Defendants")
- Applebee's Restaurants West, LLC dba Applebee's Neighborhood Bar & Grill #5711 and FRIT Escondido Promenade, LLC (hereinafter the "Applebee's Defendants")
- Toys 'R' Us - Delaware, Inc. dba Toys 'R' Us #5633 and FRIT Escondido Promenade, LLC (hereinafter the "Toys 'R' Us Defendants")
- Party City Corporation dba Party City of Escondido #445 and FRIT Escondido Promenade, LLC (hereinafter the "Party City Defendants")
- Inland Western MDS Portfolio, LLC (hereinafter the "Mervyn's Defendant")
- FRIT Escondido Promenade, LLC (hereinafter the "Common Area Defendant")

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 3

## II. JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.   McIver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.   The La Salsa Defendants own, operate, or lease the La Salsa Facility, and consist of a person (or persons), firm, or corporation.

8.   The Applebee's Defendants own, operate, or lease the Applebee's Facility, and consist of a person (or persons), firm, or corporation.

9.   The Cost Plus Defendants own, operate, or lease the Cost Plus Facility, and consist of a person (or persons), firm, or corporation.

10.   The Toys 'R' Us Defendants own, operate, or lease the Toys 'R' Us Facility, and consist of a person (or persons), firm, or corporation.

11.   The Party City Defendants own, operate, or lease the Party City Facility, and consist of a person (or persons), firm, or corporation.

12.   The Mervyn's Defendant owns, operates, or leases the Mervyn's Facility, and consists of a person (or persons), firm, or corporation.

13.   The Target Defendant owns, operates, or leases the Target Facility, and consists of a person (or persons), firm, or corporation.

14.   The Common Area Defendant owns, operates, or leases the Common Area Facility and consists of a person (or persons), firm, or corporation.

15.   McIver has Becker's Muscular Dystrophy and is unable to walk or stand; he requires the use of an electric scooter when traveling about in public. Consequently, McIver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

16.   The La Salsa Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

17.   The Applebee's Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

18.   The Cost Plus Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

19.   The Toys 'R' Us Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

20.   The Party City Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

21.   The Mervyn's Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

22.    The Target Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

23.    The Common Area Facility is open to the public, is intended for nonresidential use and whose operation affects commerce.

24.    McIver visited these facilities and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at all of the facilities.

25.    To the extent known by McIver, the barriers at the La Salsa Facility included, but are not limited to, the following:

- There is no tow-away signage posted;
- The signage in the "van accessible" parking space is not correct;
- The slope of the disabled parking space, as well as the adjacent access aisle, exceeds 4.0%;
- At the end of the access aisle, there is an abrupt change in elevation that exceeds 1 inch;
- The curb cut ramp has a slope of 12.5% with no handrails;
- The curb cut ramp (leading towards Carl's Jr.) has a slope of 13.8 with no handrails;
- There is no seating designated as being accessible to the disabled;
- There is no seating for the disabled that has a clear floor space 30 inches wide, 27 inches high, and 19 inches deep;
- The mirror in the restroom is mounted 46 inches from the floor;
- The pipes underneath the lavatory are not properly wrapped;
- The waste receptacle is an obstruction to the lavatory and encroaches upon the clear floor space need to properly access the lavatory; and,

*McIver v. Escondido Promenade*
Plaintiff's Complaint

- There is insufficient knee and toe clearance due to the protruding pipes underneath the lavatory.

These barriers prevented McIver from enjoying full and equal access at the La Salsa Facility.

26.    McIver was also deterred from visiting the La Salsa Facility because he knew that the La Salsa Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the La Salsa Facility because of the future threats of injury created by these barriers.

27.    To the extent known by McIver, the barriers at the Applebee's included, but are not limited to, the following:

- The disabled parking space, along with its adjacent access aisle, have slopes and cross slopes that exceed 2.0%;
- The detectable warnings begin on the ramp rather than at the level landing before it;
- The platform landing leading into the entrance has a slope that exceeds 2.0%;
- There is insufficient clear floor space at the top of the ramp;
- There is no International Symbol of Accessibility ("ISA") displayed to indicate that the facility is accessible;
- The take out window does not have a lowered portion to accommodate a patron in a wheelchair;
- In the waiting area, there is no space for a disabled patron to wait for an available table
- On the inside door, there is not 18 inches of strike side clearance on the pull side;
- There is no seating provided for the disabled that has clear space 30 inches wide, 27 inches high and 19 inches deep;

*McIver v. Escondido Promenade*
Plaintiff's Complaint

- There is no lowered section of the bar to accommodate patrons in wheelchairs;
- The restroom stall door does not have a handle on the interior;
- The restroom stall door is not self-closing;
- The grab bar is 34-½ inches to the center;
- The toilet tissue dispenser protrudes into the maneuvering space needed to access the water closet;
- The toilet tissue dispenser has sharp edges on the side closest to the water closet;
- The pipes underneath the lavatory are not properly wrapped;
- Due to the protruding pipes, there is insufficient knee and toe clearance underneath the lavatory; and,
- When exiting the restroom, there is not 18 inches of clear floor space on the pull side of the door.

These barriers prevented McIver from enjoying full and equal access at the Applebee's Facility.

28.    McIver was also deterred from visiting the Applebee's Facility because he knew that the Applebee's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Applebee's Facility because of the future threats of injury created by these barriers.

29.    To the extent known by McIver, the barriers at the Cost Plus Facility included, but are not limited to, the following:

- The slope of the ramp is 9.2% with no handrails;
- The ramp at the north side of the World Market Facility has a slope of 7.8% with no handrails;

- There is no checkstand designated as being accessible and to remain open at all times;
- All of the pay-point machines are too high;
- The accessible route to the restroom is blocked by merchandise;
- The toilet tissue dispenser is mounted approximately 4-½ feet from the back wall;
- The toilet tissue dispenser is mounted more than 19 inches from the floor;
- Due to its location over the side grab bar, the toilet tissue dispenser obstructs the use of the side grab bar;
- The side grab bar is not mounted 12 inches from the back wall;
- The pipes underneath the lavatory are not properly wrapped; and,
- Due to the protrusion of the pipes, there is not sufficient knee and toe clearance underneath the lavatory.

These barriers prevented McIver from enjoying full and equal access in the Cost Plus Facility.

30.    McIver was also deterred from visiting the Cost Plus Facility because he knew that the Cost Plus Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Cost Plus Facility because of the future threats of injury created by these barriers.

31.    To the extent known by McIver, the barriers at the Toys 'R' Us Facility included, but are not limited to, the following:

- The platform in front of the entry is not level;
- The disabled dressing room is not accessible and is improperly configured;
- There is improper directional signage leading to the restroom;
- Check out stand #3 is designated as accessible, however it is closed and is full of merchandise;

*McIver v. Escondido Promenade*
Plaintiff's Complaint

- The toilet tissue dispenser protrudes into the clear maneuvering space needed to access the water closet;
- The toilet tissue dispenser is an obstruction to the use of the side grab bar;
- The pipes underneath the lavatory are not properly wrapped; and,
- Due to the protrusion of the pipes, there is insufficient knee and toe clearance underneath the lavatory.

These barriers prevented McIver from enjoying full and equal access.

32.     McIver was also deterred from visiting the Toys 'R' Us Facility because he knew that the Toys 'R' Us Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Toys 'R' Us Facility because of the future threats of injury created by these barriers.

33.     To the extent known by McIver, the barriers at the Party City included, but are not limited to, the following:

- There is no ISA mounted at the entrance;
- The dressing room does not have the proper wheelchair transfer seating, nor a full length mirror;
- The route to the restroom includes stairs with no alternative route for disabled patrons;
- The disposable seat cover dispenser is placed on top of the back grab bar, over the water closet;
- The water closet is an obstruction to the disposable seat covers;
- Due to the disposable seat covering being placed on the back grab bar, the bar is no longer able to be used;
- The trash receptacle encroaches into the clear floor space needed at the water closet;

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1
2

- The toilet tissue dispenser protrudes into the clear space needed at the water closet;
- The toilet tissue dispenser is mounted 43 inches from the back wall
- The pipes underneath the lavatory are improperly wrapped; and,
- Due to the protrusion of the pipes, there is insufficient knee and toe clearance underneath the lavatory.

These barriers prevented McIver from enjoying full and equal access of the Party City Facility.

34.    McIver was also deterred from visiting the Party City Facility because he knew that the Party City Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Party City Facility because of the future threats of injury created by these barriers.

35.    To the extent known by McIver, the barriers at the Mervyn's Facility included, but are not limited to, the following:

- There is no accessible route from the disabled parking spaces to the entrance;
- The accessible parking spaces do not have the correct signage;
- The accessible parking space has a cross slope of 2.9%;
- The adjacent access aisle has a cross slope of 3.1%;
- The van accessible parking space directly in front has a cross slope of 2.5%;
- The accessible space directly across from the van accessible space (*see* above) has a slope of 2.2% and a cross slope of 3.9%;
- The parking space at the southwest corner has a cross slope of 2.5%
- The sidewalk at the northwest corner has a cross slope of 3.0%.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

These barriers prevented McIver from enjoying full and equal access of the Mervyn's Facility.

36.     McIver was also deterred from visiting the Mervyn's Facility because he knew that the Mervyn's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Mervyn's Facility because of the future threats of injury created by these barriers.

37.     To the extent known by McIver, the barriers at the Target Facility included, but are not limited to, the following:

- One of the disabled parking spaces has a cross slope of 3.6%;
- There is a cross slope of 2.5% in the adjacent access aisle;
- The "van accessible" parking space has a cross slope of 3.9%;
- The adjacent access aisle has a cross slope of 4.4%;
- The accessible space directly in front of the entrance has a cross slope of 2.5%;
- The adjacent access aisle has a cross slope of 2.9%;
- The accessible space furthest to the west has a cross slope of 3.2%;
- The adjacent access aisle has a cross slope of 3.6%;
- The disabled space in front of the entrance (but across the vehicular way) has no signage and a cross slope of 3.6%;
- The adjacent access aisle has a cross slope of 3.1%;
- The eastern-most space has a cross slope of 2.5%;
- The northern-most space has a cross slope of 4.5%;
- The adjacent access aisle has a cross slope of 5.1%
- The curb ramp at the north side has a slope of 8.3%, a cross slope of 2.9%, and no hand rails (NOT the ramp leading to Carl's Jr.);
- The curb cut ramp near the Garden Center has a slope of 10.2%;;
- There is no designated disabled seating in the café area;

*McIver v. Escondido Promenade*
Plaintiff's Complaint

- There is no seating in the café area that has 30 inches wide by 27 inches high by 19 inches deep of clear floor space to accommodate a wheelchair occupant;
- There are no checkout lanes designated as being accessible to the disabled;
- The pay-point machines are too high;
- The latch on the interior door of the disabled restroom stall is not located below the lock;
- The toilet tissue dispenser is mounted too high and above the side grab bar;
- The side grab bar is mounted only 8 inches from the back wall;
- The toilet tissue dispenser is an obstruction to the use of the side grab bar;
- The pipes underneath the lavatory are improperly wrapped; and,
- Due to the protrusion of the pipes, there is insufficient knee and toe clearance underneath the lavatory.

These barriers prevented McIver from enjoying full and equal access at the Target Facility.

38.    McIver was also deterred from visiting the Target Facility because he knew that the Target Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Target Facility because of the future threats of injury created by these barriers.

39.    To the extent known by McIver, the barriers at the Common Area Facility included, but are not limited to, the following:

- There are no hand rails on any of the ramps;

West Side of Common Area Facility:

- The van accessible space has a cross slope of 3.6%;
- The adjacent access aisle has a cross slope of 3.2% and is only 5 feet wide;
- There is no accessible route from the parking space and access aisle;

*McIver v. Escondido Promenade*
Plaintiff's Complaint

- The curb cut ramp has a slope of 10.7% with no handrails;
- The detectable warnings are not visually contrasting, are not the correct size, and start on the slope rather than on the level landing before the ramp;

North Side of Common Area Facility (in front of GNC):

- The curb-cut ramp has a slope of 10.6%;
- There is an abrupt change in elevation at the curb cut ramp;

Northwest Side of Common Area Facility (in front of Plato's Closet):

- The slope of the sidewalk is 12.9%;
- The slope approaching the curb cut ramp is 11.5% with no handrails;
- The slope of the disabled parking space (in front of Dryclean World) is 2.9%
- The van accessible space has an abrupt change in elevation and is too narrow;
- The disabled parking spaces have no signage;
- The curb cut out has a slope of 13.8%;
- There is no level platform of the door on the way into the Toys 'R' Us Facility – the slope is 4.7%;
- The cross slope of the cross walk is 8.7%

North side of Common Area Facility (north side of the Toys 'R' Us Facility):

- The ramp has a slope of 8.0% with no handrails;
- The ramp at the corner has a slope of 6.3%;
- The disabled parking space (in front of Samurai Sam's) has a slope of 3.5%;
- The adjacent access aisle has a slope of 3.7%;
- The van accessible space has a slope of 1.8% and is too narrow;

Common Area Facility (between the World Market Facility and Justice)

- There are wheel stops in the disabled parking spaces

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1   • The curb cut ramp has a slope of 9.7% with no handrails and has an abrupt
2     change in elevation;
3   • The disabled space to on the south side has a slope of 2.9%;
4   • The adjacent access aisle has a slope of 3.0%
5   • The van accessible space has a slope of 3.3%;
6   • The access aisle across from the above van accessible space has a slope of
7     4.5%;
8   Common Area Facility (in front of Justice):
9   • The ramp has a slope of 12.3% with no handrails;
10  • The northern-most disabled space has a cross slope of 3.4%;
11  Common Area Facility (South end of TJ Maxx):
12  • The ramp has a slope of 12.4% with no handrails;
13  • The sidewalk has a cross slope of 2.4%;
14  Common Area Facility (in front of Frederick's of Hollywood):
15  • The parking space has a slope of 5.5%;
16  • The adjacent access aisle has a slope of 4.5%;
17  • The van accessible space has a slope of 7.5%;
18  Common Area Facility (in front of City Financial):
19  • The ramp has a slope of 7.9% with no handrails;
20  Common Area Facility (in front of the Men's Warehouse):
21  • The sidewalk has a cross slope of 4.2%;
22  • The ramp has a slope ranging from 8.4% to 14.9% with no handrails;
23  These barriers prevented McIver from enjoying full and equal access at the
24  Common Area Facility.
25        40.    McIver was also deterred from visiting the Common Area Facility
26  because he knew that the Common Area Facility's goods, services, facilities,
27  privileges, advantages, and accommodations were unavailable to physically
28  disabled patrons (such as himself). He continues to be deterred from visiting the

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1 | Common Area Facility because of the future threats of injury created by these
2 | barriers.

3 |     41.    McIver also encountered barriers at the facilities, which violate state
4 | and federal law, but were unrelated to his disability. Nothing within this
5 | Complaint, however, should be construed as an allegation that McIver is seeking
6 | to remove barriers unrelated to his disability.

7 |     42.    The La Salsa Defendants knew that these elements and areas of the
8 | La Salsa Facility were inaccessible, violate state and federal law, and interfere
9 | with (or deny) access to the physically disabled.  Moreover, the La Salsa
10 | Defendants have the financial resources to remove these barriers from the La
11 | Salsa Facility (without much difficulty or expense), and make the La Salsa
12 | Facility accessible to the physically disabled.  To date, however, the La Salsa
13 | Defendants refuse to either remove those barriers or seek an unreasonable
14 | hardship exemption to excuse non-compliance.

15 |     43.    At all relevant times, the La Salsa Defendants have possessed and
16 | enjoyed sufficient control and authority to modify the La Salsa Facility to
17 | remove impediments to wheelchair access and to comply with the Americans
18 | with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The La
19 | Salsa Defendants have not removed such impediments and have not modified the
20 | La Salsa Facility to conform to accessibility standards.  The La Salsa Defendants
21 | have intentionally maintained the La Salsa Facility in its current condition and
22 | have intentionally refrained from altering La Salsa Facility so that it complies
23 | with the accessibility standards.

24 |     44.    McIver further alleges that the (continued) presence of barriers at
25 | the La Salsa Facility is so obvious as to establish the La Salsa Defendants'
26 | discriminatory intent.[1]  On information and belief, McIver avers that evidence of

27

28

---

[1]    E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
*McIver v. Escondido Promenade*
Plaintiff's Complaint

1   this discriminatory intent includes the La Salsa Defendants' refusal to adhere to

2   relevant building standards; disregard for the building plans and permits issued

3   for the facility; conscientious decision to the architectural layout (as it currently

4   exists) at the La Salsa Facility; decision not to remove barriers from the La Salsa

5   Facility; and allowance that the La Salsa Facility continues to exist in its non-

6   compliant state.  McIver further alleges, on information and belief, that the La

7   Salsa Defendants are not in the midst of a remodel, and that the barriers present

8   at the facility are not isolated (or temporary) interruptions in access due to

9   maintenance or repairs.[2]

10       45.    The Applebee's Defendants knew that these elements and areas of

11   the Applebee's Facility were inaccessible, violate state and federal law, and

12   interfere with (or deny) access to the physically disabled.  Moreover, the

13   Applebee's Defendants have the financial resources to remove these barriers

14   from the Applebee's Facility (without much difficulty or expense), and make the

15   Applebee's Facility accessible to the physically disabled.  To date, however, the

16   Applebee's Defendants refuse to either remove those barriers or seek an

17   unreasonable hardship exemption to excuse non-compliance.

18       46.    At all relevant times, the Applebee's Defendants have possessed and

19   enjoyed sufficient control and authority to modify the Applebee's Facility to

20   remove impediments to wheelchair access and to comply with the Americans

21   with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The

22   Applebee's Defendants have not removed such impediments and have not

23   modified the Applebee's Facility to conform to accessibility standards.  The

24   Applebee's Defendants have intentionally maintained the Applebee's Facility in

25   its current condition and have intentionally refrained from altering the

26   Applebee's Facility so that it complies with the accessibility standards.

27

28

---

[2]    Id.; 28 C.F.R. § 36.211(b)
*McIver v. Escondido Promenade*
Plaintiff's Complaint

1       47.   McIver further alleges that the (continued) presence of barriers at
2   the Applebee's Facility is so obvious as to establish The Applebee's Defendants'
3   discriminatory intent.[3]  On information and belief, McIver avers that evidence of
4   this discriminatory intent includes the Applebee's Defendants' refusal to adhere
5   to relevant building standards; disregard for the building plans and permits
6   issued for the Applebee's Facility; conscientious decision to the architectural
7   layout (as it currently exists) at the Applebee's Facility; decision not to remove
8   barriers from the Applebee's Facility; and allowance that the Applebee's Facility
9   continues to exist in its non-compliant state.   McIver further alleges, on
10  information and belief, that the Applebee's Defendants are not in the midst of a
11  remodel, and that the barriers present at the Applebee's Facility are not isolated
12  (or temporary) interruptions in access due to maintenance or repairs.[4]

13      48.   The Cost Plus Defendants knew that these elements and areas of the
14  Cost Plus Facility were inaccessible, violate state and federal law, and interfere
15  with (or deny) access to the physically disabled.   Moreover, the Cost Plus
16  Defendants have the financial resources to remove these barriers from the Cost
17  Plus Facility (without much difficulty or expense), and make the Cost Plus
18  Facility accessible to the physically disabled.   To date, however, the Cost Plus
19  Defendants refuse to either remove those barriers or seek an unreasonable
20  hardship exemption to excuse non-compliance.

21      49.   At all relevant times, the Cost Plus Defendants have possessed and
22  enjoyed sufficient control and authority to modify the Cost Plus Facility to
23  remove impediments to wheelchair access and to comply with the Americans
24  with Disabilities Act Accessibility Guidelines and Title 24 regulations.   The Cost
25  Plus Defendants have not removed such impediments and have not modified the
26  Cost Plus Facility to conform to accessibility standards.   The Cost Plus

27

28    [3]   E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
  [4]   Id.; 28 C.F.R. § 36.211(b)
*McIver v. Escondido Promenade*
Plaintiff's Complaint

1  Defendants have intentionally maintained the Cost Plus Facility in its current
2  condition and have intentionally refrained from altering the Cost Plus Facility so
3  that it complies with the accessibility standards.

4    50.    McIver further alleges that the (continued) presence of barriers at
5  the Cost Plus Facility is so obvious as to establish The Cost Plus Defendants'
6  discriminatory intent.[5] On information and belief, McIver avers that evidence of
7  this discriminatory intent includes the Cost Plus Defendants' refusal to adhere to
8  relevant building standards; disregard for the building plans and permits issued
9  for the Cost Plus Facility; conscientious decision to the architectural layout (as it
10 currently exists) at the Cost Plus Facility; decision not to remove barriers from
11 the Cost Plus Facility; and allowance that the Cost Plus Facility continues to
12 exist in its non-compliant state.   McIver further alleges, on information and
13 belief, that the Cost Plus Defendants are not in the midst of a remodel, and that
14 the barriers present at the Cost Plus Facility are not isolated (or temporary)
15 interruptions in access due to maintenance or repairs.[6]

16   51.    The Toys 'R' Us Defendants knew that these elements and areas of
17 the Toys 'R' Us Facility were inaccessible, violate state and federal law, and
18 interfere with (or deny) access to the physically disabled. Moreover, the Toys 'R'
19 Us Defendants have the financial resources to remove these barriers from the
20 Toys 'R' Us Facility (without much difficulty or expense), and make the facility
21 accessible to the physically disabled.    To date, however, the Toys 'R' Us
22 Defendants refuse to either remove those barriers or seek an unreasonable
23 hardship exemption to excuse non-compliance.

24   52.    At all relevant times, the Toys 'R' Us Defendants have possessed
25 and enjoyed sufficient control and authority to modify the Toys 'R' Us Facility to
26 remove impediments to wheelchair access and to comply with the Americans
27
28

[5]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[6]   Id.; 28 C.F.R. § 36.211(b)

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    with Disabilities Act Accessibility Guidelines and Title 24 regulations. The
2    Toys 'R' Us Defendants have not removed such impediments and have not
3    modified the Toys 'R' Us Facility to conform to accessibility standards. The
4    Toys 'R' Us Defendants have intentionally maintained the Toys 'R' Us Facility in
5    its current condition and have intentionally refrained from altering the Toys 'R'
6    Us Facility so that it complies with the accessibility standards.

7        53.    McIver further alleges that the (continued) presence of barriers at
8    the Toys 'R' Us Facility is so obvious as to establish the Toys 'R' Us Defendants'
9    discriminatory intent.[7]  On information and belief, McIver avers that evidence of
10   this discriminatory intent includes the Toys 'R' Us Defendants' refusal to adhere
11   to relevant building standards; disregard for the building plans and permits
12   issued for the Toys 'R' Us Facility; conscientious decision to the architectural
13   layout (as it currently exists) at the Toys 'R' Us Facility; decision not to remove
14   barriers from the Toys 'R' Us Facility; and allowance that the Toys 'R' Us Facility
15   continues to exist in its non-compliant state.   McIver further alleges, on
16   information and belief, that the Toys 'R' Us Defendants are not in the midst of a
17   remodel, and that the barriers present at the Toys 'R' Us Facility are not isolated
18   (or temporary) interruptions in access due to maintenance or repairs.[8]

19       54.    The Party City Defendants knew that these elements and areas of the
20   Party City Facility were inaccessible, violate state and federal law, and interfere
21   with (or deny) access to the physically disabled.   Moreover, the Party City
22   Defendants have the financial resources to remove these barriers from the Party
23   City Facility (without much difficulty or expense), and make the Party City
24   Facility accessible to the physically disabled.   To date, however, the Party City
25   Defendants refuse to either remove those barriers or seek an unreasonable
26   hardship exemption to excuse non-compliance.

27

28   [7]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
     [8]  Id.; 28 C.F.R. § 36.211(b)
     *McIver v. Escondido Promenade*
     Plaintiff's Complaint

1    55.    At all relevant times, the Party City Defendants have possessed and
2 enjoyed sufficient control and authority to modify the Party City Facility to
3 remove impediments to wheelchair access and to comply with the Americans
4 with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The
5 Party City Defendants have not removed such impediments and have not
6 modified the Party City Facility to conform to accessibility standards.  The Party
7 City Defendants have intentionally maintained the Party City Facility in its
8 current condition and have intentionally refrained from altering the Party City
9 Facility so that it complies with the accessibility standards.

10    56.    McIver further alleges that the (continued) presence of barriers at
11 the facility is so obvious as to establish the Party City Defendants'
12 discriminatory intent.[9]  On information and belief, McIver avers that evidence of
13 this discriminatory intent includes the Party City Defendants' refusal to adhere to
14 relevant building standards; disregard for the building plans and permits issued
15 for the Party City Facility; conscientious decision to the architectural layout (as it
16 currently exists) at the Party City Facility; decision not to remove barriers from
17 the Party City Facility; and allowance that the Party City Facility continues to
18 exist in its non-compliant state.  McIver further alleges, on information and
19 belief, that the Party City Defendants are not in the midst of a remodel, and that
20 the barriers present at the Party City Facility are not isolated (or temporary)
21 interruptions in access due to maintenance or repairs.[10]

22    57.    The Mervyn's Defendants knew that these elements and areas of the
23 Mervyn's Facility were inaccessible, violate state and federal law, and interfere
24 with (or deny) access to the physically disabled.  Moreover, the Mervyn's
25 Defendants have the financial resources to remove these barriers from the
26 Mervyn's Facility (without much difficulty or expense), and make the Mervyn's

27

28
[9]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[10]   Id.; 28 C.F.R. § 36.211(b)
*McIver v. Escondido Promenade*
Plaintiff's Complaint

1   Facility accessible to the physically disabled. To date, however, the Mervyn's
2   Defendants refuse to either remove those barriers or seek an unreasonable
3   hardship exemption to excuse non-compliance.

4       58.    At all relevant times, the Mervyn's Defendants have possessed and
5   enjoyed sufficient control and authority to modify the Mervyn's Facility to
6   remove impediments to wheelchair access and to comply with the Americans
7   with Disabilities Act Accessibility Guidelines and Title 24 regulations. The
8   Mervyn's Defendants have not removed such impediments and have not
9   modified the Mervyn's Facility to conform to accessibility standards. The
10  Mervyn's Defendants have intentionally maintained the Mervyn's Facility in its
11  current condition and have intentionally refrained from altering the Mervyn's
12  Facility so that it complies with the accessibility standards.

13      59.    McIver further alleges that the (continued) presence of barriers at
14  the facility is so obvious as to establish the Mervyn's Defendants' discriminatory
15  intent.[11]    On information and belief, McIver avers that evidence of this
16  discriminatory intent includes the Mervyn's Defendants' refusal to adhere to
17  relevant building standards; disregard for the building plans and permits issued
18  for the Mervyn's Facility; conscientious decision to the architectural layout (as it
19  currently exists) at the Mervyn's Facility; decision not to remove barriers from
20  the Mervyn's Facility; and allowance that the Mervyn's Facility continues to exist
21  in its non-compliant state. McIver further alleges, on information and belief, that
22  the Mervyn's Defendants are not in the midst of a remodel, and that the barriers
23  present at the Mervyn's Facility are not isolated (or temporary) interruptions in
24  access due to maintenance or repairs.[12]

25      60.    The Target Defendant knew that these elements and areas of the
26  Target Facility were inaccessible, violate state and federal law, and interfere with

27

28  [11] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
    [12] Id.; 28 C.F.R. § 36.211(b)
    *McIver v. Escondido Promenade*
    Plaintiff's Complaint

1  (or deny) access to the physically disabled. Moreover, the Target Defendant has
2  the financial resources to remove these barriers from the Target Facility (without
3  much difficulty or expense), and make the Target Facility accessible to the
4  physically disabled. To date, however, the Target Defendant refuses to either
5  remove those barriers or seek an unreasonable hardship exemption to excuse
6  non-compliance.

7  61.    At all relevant times, the Target Defendant has possessed and
8  enjoyed sufficient control and authority to modify the Target Facility to remove
9  impediments to wheelchair access and to comply with the Americans with
10 Disabilities Act Accessibility Guidelines and Title 24 regulations. The Target
11 Defendant has not removed such impediments and has not modified the Target
12 Facility to conform to accessibility standards. The Target Defendant has
13 intentionally maintained the Target Facility in its current condition and has
14 intentionally refrained from altering the Target Facility property so that it
15 complies with the accessibility standards.

16 62.    McIver further alleges that the (continued) presence of barriers at
17 the Target Facility is so obvious as to establish the Target Defendant's
18 discriminatory intent.[13] On information and belief, McIver avers that evidence
19 of this discriminatory intent includes The Target Defendant 's refusal to adhere to
20 relevant building standards; disregard for the building plans and permits issued
21 for the Target Facility; conscientious decision to the architectural layout (as it
22 currently exists) at the Target Facility; decision not to remove barriers the Target
23 Facility; and allowance that the Target Facility continues to exist in its non-
24 compliant state. McIver further alleges, on information and belief, that the
25 Target Defendant is not in the midst of a remodel, and that the barriers present at

26

27

28

---

[13]    E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 23

1    the Target Facility are not isolated (or temporary) interruptions in access due to
2    maintenance or repairs.[14]

3        63.    The Common Area Defendant knew that these elements and areas of
4    the Common Area Facility were inaccessible, violate state and federal law, and
5    interfere with (or deny) access to the physically disabled.    Moreover, the
6    Common Area Defendant has the financial resources to remove these barriers
7    from the Common Area Facility (without much difficulty or expense), and make
8    the Common Area Facility accessible to the physically disabled.    To date,
9    however, the Common Area Defendant refuses to either remove those barriers or
10   seek an unreasonable hardship exemption to excuse non-compliance.

11       64.    At all relevant times, the Common Area Defendant has possessed
12   and enjoyed sufficient control and authority to modify the Common Area Facility
13   to remove impediments to wheelchair access and to comply with the Americans
14   with Disabilities Act Accessibility Guidelines and Title 24 regulations.    The
15   Common Area Defendant has not removed such impediments and has not
16   modified the Common Area Facility to conform to accessibility standards.    The
17   Common Area Defendant has intentionally maintained the Common Area
18   Facility in its current condition and has intentionally refrained from altering the
19   Common Area Facility so that it complies with the accessibility standards.

20       65.    McIver further alleges that the (continued) presence of barriers at
21   the Common Area Facility is so obvious as to establish the Common Area
22   Defendant's discriminatory intent.[15]    On information and belief, McIver avers
23   that evidence of this discriminatory intent includes the Common Area
24   Defendant's refusal to adhere to relevant building standards; disregard for the
25   building plans and permits issued for the Common Area Facility; conscientious
26   decision to the architectural layout (as it currently exists) at the Common Area

27

28   [14]    Id.; 28 C.F.R. § 36.211(b)
     [15]    E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6
     *McIver v. Escondido Promenade*
     Plaintiff's Complaint

                                    Page 24

1    Facility; decision not to remove barriers from the Common Area Facility; and

2    allowance that the Common Area Facility continues to exist in its non-compliant

3    state.  McIver further alleges, on information and belief, that the Common Area

4    Defendant is not in the midst of a remodel, and that the barriers present at the

5    Common Area Facility are not isolated (or temporary) interruptions in access due

6    to maintenance or repairs.[16]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The La Salsa Facility)

66.    McIver incorporates the allegations contained in paragraphs 1 through 65 for this claim.

67.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

68.    The La Salsa Defendants discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the La Salsa Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

69.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

---

[16] Id.; 28 C.F.R. § 36.211(b)
*McIver v. Escondido Promenade*
Plaintiff's Complaint

achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

70.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

71.    Here, McIver alleges that the La Salsa Defendants can easily remove the architectural barriers at the La Salsa Facility without much difficulty or expense, and that the La Salsa Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

72.    In the alternative, if it was not "readily achievable" for the La Salsa Defendants to remove the La Salsa Facility's barriers, then the La Salsa Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

73.    On information and belief, the La Salsa Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

74.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

75.    Here, the La Salsa Defendants violated the ADA by designing or constructing (or both) the La Salsa Facility in a manner that was not readily accessible to the physically disabled public—including McIver—when it was structurally practical to do so.[17]

---

[17] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

McIver v. Escondido Promenade
Plaintiff's Complaint

1

Failure to Make an Altered Facility Accessible

2       76.    On information and belief, the La Salsa Facility was modified after
3  January 26, 1992, independently triggering access requirements under the ADA.

4       77.    The ADA also requires that facilities altered in a manner that affects
5  (or could affect) its usability must be made readily accessible to individuals with
6  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
7  an area that contains a facility's primary function also requires adding making
8  the paths of travel, bathrooms, telephones, and drinking fountains serving that
9  area accessible to the maximum extent feasible. Id.

10      78.    Here, the La Salsa Defendants altered the La Salsa Facility in a
11 manner that violated the ADA and was not readily accessible to the physically
12 disabled public—including McIver—to the maximum extent feasible.

13

Failure to Modify Existing Policies and Procedures

14      79.    The ADA also requires reasonable modifications in policies,
15 practices, or procedures, when necessary to afford such goods, services,
16 facilities, or accommodations to individuals with disabilities, unless the entity
17 can demonstrate that making such modifications would fundamentally alter their
18 nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

19      80.    Here, the La Salsa Defendants violated the ADA by failing to make
20 reasonable modifications in policies, practices, or procedures at the La Salsa
21 Facility, when these modifications were necessary to afford (and would not
22 fundamentally alter the nature of) these goods, services, facilities, or
23 accommodations.

24      81.    McIver seeks all relief available under the ADA (i.e., injunctive
25 relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
26 U.S.C. § 12205.

27

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 27

1    82.   McIver also seeks a finding from this Court (*i.e.,* declaratory relief)
2  that the La Salsa Defendants violated the ADA in order to pursue damages under
3  California's Unruh Civil Rights Act or Disabled Persons Act.

4                            VII. SECOND CLAIM

5                            **Disabled Persons Act**

6                            (The La Salsa Facility)

7    83.   McIver incorporates the allegations contained in paragraphs 1
8  through 82 for this claim.

9    84.   California Civil Code § 54 states, in part, that: Individuals with
10  disabilities have the same right as the general public to the full and free use of
11  the streets, sidewalks, walkways, public buildings and facilities, and other public
12  places.

13   85.   California Civil Code § 54.1 also states, in part, that: Individuals
14  with disabilities shall be entitled to full and equal access to accommodations,
15  facilities, telephone facilities, places of public accommodation, and other places
16  to which the general public is invited.

17   86.   Both sections specifically incorporate (by reference) an individual's
18  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

19   87.   Here, the La Salsa Defendants discriminated against the physically
20  disabled public—including McIver—by denying them full and equal access to
21  the La Salsa Facility.  The La Salsa Defendants also violated McIver's rights
22  under the ADA, and, therefore, infringed upon or violated (or both) McIver's
23  rights under the Disabled Persons Act.

24   88.   For each offense of the Disabled Persons Act, McIver seeks actual
25  damages (both general and special damages), statutory minimum damages of one
26  thousand dollars ($1,000), declaratory relief, and any other remedy available
27  under California Civil Code § 54.3.

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

89.   He also seeks to enjoin the La Salsa Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

### (The La Salsa Facility)

90.   McIver incorporates the allegations contained in paragraphs 1 through 89 for this claim.

91.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

92.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

93.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

94.   The La Salsa Defendants' aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

95.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

96.   McIver was damaged by The La Salsa Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    97.    McIver also seeks to enjoin the La Salsa Defendants from violating
2    the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs
3    incurred under California Civil Code § 52(a).

### IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The La Salsa Facility)

7    98.    McIver incorporates the allegations contained in paragraphs 1
8    through 97 for this claim.

9    99.    Health and Safety Code § 19955(a) states, in part, that: California
10    public accommodations or facilities (built with private funds) shall adhere to the
11    provisions of Government Code § 4450.

12    100.    Health and Safety Code § 19959 states, in part, that: Every existing
13    (non-exempt) public accommodation constructed prior to July 1, 1970, which is
14    altered or structurally repaired, is required to comply with this chapter.

15    101.    McIver alleges the La Salsa Facility is a public accommodation
16    constructed, altered, or repaired in a manner that violates Part 5.5 of the Health
17    and Safety Code or Government Code § 4450 (or both), and that the La Salsa
18    Facility was not exempt under Health and Safety Code § 19956.

19    102.    The La Salsa Defendants' non-compliance with these requirements
20    at the La Salsa Facility aggrieved (or potentially aggrieved) McIver and other
21    persons with physical disabilities.   Accordingly, he seeks injunctive relief and
22    attorney fees pursuant to Health and Safety Code § 19953.

### X. FIFTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Applebee's Facility)

27    103.    McIver incorporates the allegations contained in paragraphs 1
28    through 102 for this claim.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    104.  Title III of the ADA holds as a "general rule" that no individual
2 shall be discriminated against on the basis of disability in the full and equal
3 enjoyment (or use) of goods, services, facilities, privileges, and accommodations
4 offered by any person who owns, operates, or leases a place of public
5 accommodation. 42 U.S.C. § 12182(a).

6    105.  The Applebee's Defendants' discriminated against McIver by
7 denying "full and equal enjoyment" and use of the goods, services, facilities,
8 privileges or accommodations of the Applebee's Facility during each visit and
9 each incident of deterrence.

10         Failure to Remove Architectural Barriers in an Existing Facility

11    106.  The ADA specifically prohibits failing to remove architectural
12 barriers, which are structural in nature, in existing facilities where such removal
13 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily
14 achievable" is defined as "easily accomplishable and able to be carried out
15 without much difficulty or expense." Id. § 12181(9).

16    107.  When an entity can demonstrate that removal of a barrier is not
17 readily achievable, a failure to make goods, services, facilities, or
18 accommodations available through alternative methods is also specifically
19 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20    108.  Here, McIver alleges that the Applebee's Defendants can easily
21 remove the architectural barriers at the Applebee's Facility without much
22 difficulty or expense, and that the Applebee's Defendants violated the ADA by
23 failing to remove those barriers, when it was readily achievable to do so.

24    109.  In the alternative, if it was not "readily achievable" for the
25 Applebee's Defendants to remove the Applebee's Facility's barriers, then the
26 Applebee's Defendants violated the ADA by failing to make the required
27 services available through alternative methods, which are readily achievable.

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1

### Failure to Design and Construct an Accessible Facility

2    110.   On information and belief, the Applebee's Facility was designed or

3    constructed (or both) after January 26, 1992—independently triggering access

4    requirements under Title III of the ADA.

5    111.   The ADA also prohibits designing and constructing facilities for

6    first occupancy after January 26, 1993, that aren't readily accessible to, and

7    usable by, individuals with disabilities when it was structurally practicable to do

8    so. 42 U.S.C. § 12183(a)(1).

9    112.   Here, the Applebee's Defendants violated the ADA by designing or

10    constructing (or both) the Applebee's Facility in a manner that was not readily

11    accessible to the physically disabled public—including McIver—when it was

12    structurally practical to do so.[18]

13    ### Failure to Make an Altered Facility Accessible

14    113.   On information and belief, the Applebee's Facility was modified

15    after January 26, 1992, independently triggering access requirements under the

16    ADA.

17    114.   The ADA also requires that facilities altered in a manner that affects

18    (or could affect) its usability must be made readily accessible to individuals with

19    disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering

20    an area that contains a facility's primary function also requires adding making

21    the paths of travel, bathrooms, telephones, and drinking fountains serving that

22    area accessible to the maximum extent feasible. Id.

23    115.   Here, the Applebee's Defendants altered the Applebee's Facility in a

24    manner that violated the ADA and was not readily accessible to the physically

25    disabled public—including McIver—to the maximum extent feasible.

26

27

28    [18]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

<u>Failure to Modify Existing Policies and Procedures</u>

116.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

117.  Here, the Applebee's Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Applebee's Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

118.  McIver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

119.  McIver also seeks a finding from this Court (*i.e.,* declaratory relief) that Applebee's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

XI. SIXTH CLAIM

**Disabled Persons Act**

(The Applebee's Facility)

120.  McIver incorporates the allegations contained in paragraphs 1 through 119 for this claim.

121.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

122.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations,

1  facilities, telephone facilities, places of public accommodation, and other places

2  to which the general public is invited.

3      123.  Both sections specifically incorporate (by reference) an individual's

4  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

5      124.  Here, the Applebee's Defendants discriminated against the

6  physically disabled public—including McIver—by denying them full and equal

7  access to the Applebee's Facility.  The Applebee's Defendants also violated

8  McIver's rights under the ADA, and, therefore, infringed upon or violated (or

9  both) McIver's rights under the Disabled Persons Act.

10     125.  For each offense of the Disabled Persons Act, McIver seeks actual

11 damages (both general and special damages), statutory minimum damages of one

12 thousand dollars ($1,000), declaratory relief, and any other remedy available

13 under California Civil Code § 54.3.

14     126.  He also seeks to enjoin the Applebee's Defendants from violating

15 the Disabled Persons Act (and ADA) under California Civil Code § 55, and to

16 recover reasonable attorneys' fees and incurred under California Civil Code §§

17 54.3 and 55.

### XII. SEVENTH CLAIM

**Unruh Civil Rights Act**

(The Applebee's Facility)

21     127.  McIver incorporates the allegations contained in paragraphs 1

22 through 126 for this claim.

23     128.  California Civil Code § 51 states, in part, that: All persons within

24 the jurisdiction of this state are entitled to the full and equal accommodations,

25 advantages, facilities, privileges, or services in all business establishments of

26 every kind whatsoever.

27

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 34

129.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

130.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

131.   The Applebee's Defendants' aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

132.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

133.   McIver was damaged by the Applebee's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

134.   McIver also seeks to enjoin the Applebee's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

XIII. EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Applebee's Facility)

135.   McIver incorporates the allegations contained in paragraphs 1 through 134 for this claim.

136.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

137.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

138.  McIver alleges the Applebee's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Applebee's Facility was not exempt under Health and Safety Code § 19956.

139.  The Applebee's Defendants' non-compliance with these requirements at the Applebee's Facility aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV. NINTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Cost Plus Facility)

140.  McIver incorporates the allegations contained in paragraphs 1 through 139 for this claim.

141.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

142.  The Cost Plus Defendants discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Cost Plus Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

143.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

144.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

145.  Here, McIver alleges that the Cost Plus Defendants can easily remove the architectural barriers at the Cost Plus Facility without much difficulty or expense, and that the Cost Plus Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

146.  In the alternative, if it was not "readily achievable" for the Cost Plus Defendants to remove the Cost Plus Facility's barriers, then the Cost Plus Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

147.  On information and belief, the Cost Plus Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

148.  The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

149.  Here, the Cost Plus Defendants violated the ADA by designing or constructing (or both) the Cost Plus Facility in a manner that was not readily

*McIver v. Escondido Promenade*
Plaintiff's Complaint

accessible to the physically disabled public—including McIver—when it was structurally practical to do so.[19]

### Failure to Make an Altered Facility Accessible

150.    On information and belief, the Cost Plus Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

151.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

152.    Here, the Cost Plus Defendants altered the Cost Plus Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including McIver—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

153.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

154.    Here, the Cost Plus Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Cost Plus Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[19]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

155. McIver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

156. McIver also seeks a finding from this Court (*i.e.,* declaratory relief) that the Cost Plus Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

XV. TENTH CLAIM

**Disabled Persons Act**

(The Cost Plus Facility)

157. McIver incorporates the allegations contained in paragraphs 1 through 156 for this claim.

158. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

159. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

160. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

161. Here, the Cost Plus Defendants discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Cost Plus Facility. The Cost Plus Defendants also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

162. For each offense of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 39

1 | thousand dollars ($1,000), declaratory relief, and any other remedy available
2 | under California Civil Code § 54.3.

3 | 163.  He also seeks to enjoin the Cost Plus Defendants from violating the
4 | Disabled Persons Act (and ADA) under California Civil Code § 55, and to
5 | recover reasonable attorneys' fees and incurred under California Civil Code §§
6 | 54.3 and 55.

### XVI. ELEVENTH CLAIM

**Unruh Civil Rights Act**

(The Cost Plus Facility)

164.  McIver incorporates the allegations contained in paragraphs 1 through 163 for this claim.

165.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

166.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

167.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

168.  The Cost Plus Defendants' aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

169.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    170.  McIver was damaged by the Cost Plus Defendants' wrongful
2    conduct, and seeks statutory minimum damages of four thousand dollars
3    ($4,000) for each offense.

4    171.  McIver also seeks to enjoin the Cost Plus Defendants from violating
5    the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs
6    incurred under California Civil Code § 52(a).

7                         XVII. TWELFTH CLAIM

8    **Denial of Full and Equal Access to Public Facilities**

9                         (The Cost Plus Facility)

10    172.  McIver incorporates the allegations contained in paragraphs 1
11    through 171 for this claim.

12    173.  Health and Safety Code § 19955(a) states, in part, that: California
13    public accommodations or facilities (built with private funds) shall adhere to the
14    provisions of Government Code § 4450.

15    174.  Health and Safety Code § 19959 states, in part, that: Every existing
16    (non-exempt) public accommodation constructed prior to July 1, 1970, which is
17    altered or structurally repaired, is required to comply with this chapter.

18    175.  McIver alleges the Cost Plus Facility is a public accommodation
19    constructed, altered, or repaired in a manner that violates Part 5.5 of the Health
20    and Safety Code or Government Code § 4450 (or both), and that the Cost Plus
21    Facility was not exempt under Health and Safety Code § 19956.

22    176.  The Cost Plus Defendants' non-compliance with these requirements
23    at the Cost Plus Facility aggrieved (or potentially aggrieved) McIver and other
24    persons with physical disabilities.  Accordingly, he seeks injunctive relief and
25    attorney fees pursuant to Health and Safety Code § 19953.

26

27

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

## XVIII. THIRTEENTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Toys 'R' Us Facility)

177.  McIver incorporates the allegations contained in paragraphs 1 through 176 for this claim.

178.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

179.  The Toys 'R' Us Defendants discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Toys 'R' Us Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

180.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

181.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

182.  Here, McIver alleges that the Toys 'R' Us Defendants can easily remove the architectural barriers at the Toys 'R' Us Facility without much

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 42

difficulty or expense, and that the Toys 'R' Us Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

183.    In the alternative, if it was not "readily achievable" for the Toys 'R' Us Defendants to remove the Toys 'R' Us Facility's barriers, then the Toys 'R' Us Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

184.    On information and belief, the Toys 'R' Us Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

185.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

186.    Here, the Toys 'R' Us Defendants violated the ADA by designing or constructing (or both) the Toys 'R' Us Facility in a manner that was not readily accessible to the physically disabled public—including McIver—when it was structurally practical to do so.[20]

### Failure to Make an Altered Facility Accessible

187.    On information and belief, the Toys 'R' Us Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

188.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making

---

[20]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1   the paths of travel, bathrooms, telephones, and drinking fountains serving that
2   area accessible to the maximum extent feasible. Id.

3        189.  Here, the Toys 'R' Us Defendants altered the Toys 'R' Us Facility in
4   a manner that violated the ADA and was not readily accessible to the physically
5   disabled public—including McIver—to the maximum extent feasible.

6                    Failure to Modify Existing Policies and Procedures

7        190.  The ADA also requires reasonable modifications in policies,
8   practices, or procedures, when necessary to afford such goods, services,
9   facilities, or accommodations to individuals with disabilities, unless the entity
10  can demonstrate that making such modifications would fundamentally alter their
11  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12       191.  Here, the Toys 'R' Us Defendants violated the ADA by failing to
13  make reasonable modifications in policies, practices, or procedures at the Toys
14  'R' Us Facility, when these modifications were necessary to afford (and would
15  not fundamentally alter the nature of) these goods, services, facilities, or
16  accommodations.

17       192.  McIver seeks all relief available under the ADA (i.e., injunctive
18  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
19  U.S.C. § 12205.

20       193.  McIver also seeks a finding from this Court (i.e., declaratory relief)
21  that the Toys 'R' Us Defendants violated the ADA in order to pursue damages
22  under California's Unruh Civil Rights Act or Disabled Persons Act.

23                           XIX. FOURTEENTH CLAIM

24                             **Disabled Persons Act**

25                            (The Toys 'R' Us Facility)

26       194.  McIver incorporates the allegations contained in paragraphs 1
27  through 193 for this claim.

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

195.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

196.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

197.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

198.   Here, the Toys 'R' Us Defendants discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Toys 'R' Us Facility.  The Toys 'R' Us Defendants also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

199.   For each offense of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

200.   He also seeks to enjoin the Toys 'R' Us Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

XX. FIFTEENTH CLAIM

**Unruh Civil Rights Act**

(The Toys 'R' Us Facility)

201.   McIver incorporates the allegations contained in paragraphs 1 through 200 for this claim.

202.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

203.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

204.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

205.  The Toys 'R' Us Defendants' aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

206.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

207.  McIver was damaged by the Toys 'R' Us Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

208.  McIver also seeks to enjoin the Toys 'R' Us Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXI. SIXTEENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Toys 'R' Us Facility)

209.  McIver incorporates the allegations contained in paragraphs 1 through 208 for this claim.

210. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

211. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

212. McIver alleges the Toys 'R' Us Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Toys 'R' Us Facility was not exempt under Health and Safety Code § 19956.

213. The Toys 'R' Us Defendants' non-compliance with these requirements at the Toys 'R' Us Facility aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXII. SEVENTEENTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Party City Facility)

214. McIver incorporates the allegations contained in paragraphs 1 through 213 for this claim.

215. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

216. The Party City Defendants discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

1  accommodations of the Party City Facility during each visit and each incident of
2  deterrence.

3              Failure to Remove Architectural Barriers in an Existing Facility

4          217.  The ADA specifically prohibits failing to remove architectural
5  barriers, which are structural in nature, in existing facilities where such removal
6  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
7  achievable" is defined as "easily accomplishable and able to be carried out
8  without much difficulty or expense." Id. § 12181(9).

9          218.  When an entity can demonstrate that removal of a barrier is not
10 readily achievable, a failure to make goods, services, facilities, or
11 accommodations available through alternative methods is also specifically
12 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13         219.  Here, McIver alleges that the Party City Defendants can easily
14 remove the architectural barriers at the Party City Facility without much
15 difficulty or expense, and that Party City violated the ADA by failing to remove
16 those barriers, when it was readily achievable to do so.

17         220.  In the alternative, if it was not "readily achievable" for the Party
18 City Defendants to remove the Party City Facility's barriers, then the Party City
19 Defendants violated the ADA by failing to make the required services available
20 through alternative methods, which are readily achievable.

21              Failure to Design and Construct an Accessible Facility

22         221.  On information and belief, the Party City Facility was designed or
23 constructed (or both) after January 26, 1992—independently triggering access
24 requirements under Title III of the ADA.

25         222.  The ADA also prohibits designing and constructing facilities for
26 first occupancy after January 26, 1993, that aren't readily accessible to, and
27 usable by, individuals with disabilities when it was structurally practicable to do
28 so. 42 U.S.C. § 12183(a)(1).

*McIver v. Escondido Promenade*
Plaintiff's Complaint

223.  Here, the Party City Defendants violated the ADA by designing or constructing (or both) the Party City Facility in a manner that was not readily accessible to the physically disabled public—including McIver—when it was structurally practical to do so.[21]

<u>Failure to Make an Altered Facility Accessible</u>

224.  On information and belief, the Party City Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

225.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

226.  Here, the Party City Defendants altered the Party City Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including McIver—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

227.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

228.  Here, the Party City Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Party City Facility, when these modifications were necessary to afford (and would not

---

[21]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

fundamentally alter the nature of) these goods, services, facilities, or accommodations.

229. McIver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

230. McIver also seeks a finding from this Court (*i.e.,* declaratory relief) that the Party City Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XXIII. EIGHTEENTH CLAIM

### Disabled Persons Act

(The Party City Facility)

231. McIver incorporates the allegations contained in paragraphs 1 through 230 for this claim.

232. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

233. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

234. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

235. Here, the Party City Defendants discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Party City Facility. The Party City Defendants also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

236.  <u>For each offense</u> of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

237.  He also seeks to enjoin the Party City Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

XXIV. NINETEENTH CLAIM

**Unruh Civil Rights Act**

(The Party City Facility)

238.  McIver incorporates the allegations contained in paragraphs 1 through 237 for this claim.

239.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

240.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

241.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

242.  The Party City Defendants' aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 51

243.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

244.  McIver was damaged by the Party City Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

245.  McIver also seeks to enjoin the Party City Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXV. TWENTIETH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Party City Facility)

246.  McIver incorporates the allegations contained in paragraphs 1 through 245 for this claim.

247.  Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

248.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

249.  McIver alleges the Party City Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Party City Facility was not exempt under Health and Safety Code § 19956.

250.  The Party City Defendants' non-compliance with these requirements at the Party City Facility aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 52

# XXVI.  TWENTY-FIRST CLAIM

## Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Mervyn's Facility)

251.  McIver incorporates the allegations contained in paragraphs 1 through 250 for this claim.

252.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

253.  The Mervyn's Defendant discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Mervyn's Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

254.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

255.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

256.  Here, McIver alleges that the Mervyn's Defendant can easily remove the architectural barriers at the Mervyn's Facility without much difficulty or

1  expense, and that Mervyn's violated the ADA by failing to remove those barriers,

2  when it was readily achievable to do so.

3      257.  In the alternative, if it was not "readily achievable" for the Mervyn's

4  Defendant to remove the Mervyn's Facility's barriers, then the Mervyn's

5  Defendant violated the ADA by failing to make the required services available

6  through alternative methods, which are readily achievable.

7  Failure to Design and Construct an Accessible Facility

8      258.  On information and belief, the Mervyn's Facility was designed or

9  constructed (or both) after January 26, 1992—independently triggering access

10  requirements under Title III of the ADA.

11      259.  The ADA also prohibits designing and constructing facilities for

12  first occupancy after January 26, 1993, that aren't readily accessible to, and

13  usable by, individuals with disabilities when it was structurally practicable to do

14  so. 42 U.S.C. § 12183(a)(1).

15      260.  Here, the Mervyn's Defendant violated the ADA by designing or

16  constructing (or both) the Mervyn's Facility in a manner that was not readily

17  accessible to the physically disabled public—including McIver—when it was

18  structurally practical to do so.[22]

19  Failure to Make an Altered Facility Accessible

20      261.  On information and belief, the Mervyn's Facility was modified after

21  January 26, 1992, independently triggering access requirements under the ADA.

22      262.  The ADA also requires that facilities altered in a manner that affects

23  (or could affect) its usability must be made readily accessible to individuals with

24  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

25  an area that contains a facility's primary function also requires adding making

26

27

28  ────────────────

[22]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 54

1    the paths of travel, bathrooms, telephones, and drinking fountains serving that

2    area accessible to the maximum extent feasible. Id.

3        263.  Here, the Mervyn's Defendant altered the Mervyn's Facility in a

4    manner that violated the ADA and was not readily accessible to the physically

5    disabled public—including McIver—to the maximum extent feasible.

6               Failure to Modify Existing Policies and Procedures

7        264.  The ADA also requires reasonable modifications in policies,

8    practices, or procedures, when necessary to afford such goods, services,

9    facilities, or accommodations to individuals with disabilities, unless the entity

10   can demonstrate that making such modifications would fundamentally alter their

11   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12       265.  Here, the Mervyn's Defendant violated the ADA by failing to make

13   reasonable modifications in policies, practices, or procedures at the Mervyn's

14   Facility, when these modifications were necessary to afford (and would not

15   fundamentally alter the nature of) these goods, services, facilities, or

16   accommodations.

17       266.  McIver seeks all relief available under the ADA (i.e., injunctive

18   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

19   U.S.C. § 12205.

20       267.  McIver also seeks a finding from this Court (i.e., declaratory relief)

21   that the Mervyn's Defendant violated the ADA in order to pursue damages under

22   California's Unruh Civil Rights Act or Disabled Persons Act.

23               XXVII.  TWENTY-SECOND CLAIM

24                    **Disabled Persons Act**

25                    (The Mervyn's Facility)

26       268.  McIver incorporates the allegations contained in paragraphs 1

27   through 267 for this claim.

28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

269. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

270. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

271. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

272. Here, the Mervyn's Defendant discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Mervyn's Facility. The Mervyn's Defendant also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

273. For each offense of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

274. He also seeks to enjoin the Mervyn's Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### XXVIII. TWENTY-THIRD CLAIM

**Unruh Civil Rights Act**

(The Mervyn's Facility)

275. McIver incorporates the allegations contained in paragraphs 1 through 274 for this claim.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 56

276.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

277.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

278.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

279.  The Mervyn's Defendant's aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

280.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

281.  McIver was damaged by the Mervyn's Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

282.  McIver also seeks to enjoin the Mervyn's Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XXIX.  TWENTY-FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Mervyn's Facility)

283.  McIver incorporates the allegations contained in paragraphs 1 through 282 for this claim.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 57

284.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

285.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

286.   McIver alleges the Mervyn's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Mervyn's Facility was not exempt under Health and Safety Code § 19956.

287.   The Mervyn's Defendant's non-compliance with these requirements at the Mervyn's Facility aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

XXX.  TWENTY-FIFTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(The Target Facility)

288.   McIver incorporates the allegations contained in paragraphs 1 through 287 for this claim.

289.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

290.   The Target Defendant discriminated against McIver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    accommodations of the Target Facility during each visit and each incident of

2    deterrence.

3    <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

4    291.    The ADA specifically prohibits failing to remove architectural

5    barriers, which are structural in nature, in existing facilities where such removal

6    is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

7    achievable" is defined as "easily accomplishable and able to be carried out

8    without much difficulty or expense." <u>Id.</u> § 12181(9).

9    292.    When an entity can demonstrate that removal of a barrier is not

10    readily achievable, a failure to make goods, services, facilities, or

11    accommodations available through alternative methods is also specifically

12    prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

13    293.    Here, McIver alleges that the Target Defendant can easily remove

14    the architectural barriers at the Target Facility without much difficulty or

15    expense, and that Target violated the ADA by failing to remove those barriers,

16    when it was readily achievable to do so.

17    294.    In the alternative, if it was not "readily achievable" for the Target

18    Defendant to remove the Target Facility's barriers, then the Target Defendant

19    violated the ADA by failing to make the required services available through

20    alternative methods, which are readily achievable.

21    <u>Failure to Design and Construct an Accessible Facility</u>

22    295.    On information and belief, the Target Facility was designed or

23    constructed (or both) after January 26, 1992—independently triggering access

24    requirements under Title III of the ADA.

25    296.    The ADA also prohibits designing and constructing facilities for

26    first occupancy after January 26, 1993, that aren't readily accessible to, and

27    usable by, individuals with disabilities when it was structurally practicable to do

28    so. 42 U.S.C. § 12183(a)(1).

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 59

297.   Here, the Target Defendant violated the ADA by designing or constructing (or both) the Target Facility in a manner that was not readily accessible to the physically disabled public—including McIver—when it was structurally practical to do so.[23]

Failure to Make an Altered Facility Accessible

298.   On information and belief, the Target Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

299.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

300.   Here, the Target Defendant altered the Target Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including McIver—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

301.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

302.   Here, the Target Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Target Facility, when these modifications were necessary to afford (and would not

---

[23] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

McIver v. Escondido Promenade
Plaintiff's Complaint

1  fundamentally alter the nature of) these goods, services, facilities, or
2  accommodations.

3      303.  McIver seeks all relief available under the ADA (*i.e.*, injunctive
4  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5  U.S.C. § 12205.

6      304.  McIver also seeks a finding from this Court (*i.e.,* declaratory relief)
7  that the Target Defendant violated the ADA in order to pursue damages under
8  California's Unruh Civil Rights Act or Disabled Persons Act.

9                    XXXI.  TWENTY-SIXTH CLAIM
10                        **Disabled Persons Act**
11                        (The Target Facility)

12     305.  McIver incorporates the allegations contained in paragraphs 1
13  through 304 for this claim.

14     306.  California Civil Code § 54 states, in part, that: Individuals with
15  disabilities have the same right as the general public to the full and free use of
16  the streets, sidewalks, walkways, public buildings and facilities, and other public
17  places.

18     307.  California Civil Code § 54.1 also states, in part, that: Individuals
19  with disabilities shall be entitled to full and equal access to accommodations,
20  facilities, telephone facilities, places of public accommodation, and other places
21  to which the general public is invited.

22     308.  Both sections specifically incorporate (by reference) an individual's
23  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24     309.  Here, the Target Defendant discriminated against the physically
25  disabled public—including McIver—by denying them full and equal access to
26  the Target Facility.  The Target Defendant also violated McIver's rights under
27  the ADA, and, therefore, infringed upon or violated (or both) McIver's rights
28  under the Disabled Persons Act.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

310.   <u>For each offense</u> of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

311.   He also seeks to enjoin the Target Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XXXII. TWENTY-SEVENTH CLAIM

### Unruh Civil Rights Act

(The Target Facility)

312.   McIver incorporates the allegations contained in paragraphs 1 through 311 for this claim.

313.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

314.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

315.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

316.   The Target Defendant's aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

317.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

318.   McIver was damaged by the Target Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

319.   McIver also seeks to enjoin the Target Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

XXXIII.  TWENTY-EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Target Facility)

320.   McIver incorporates the allegations contained in paragraphs 1 through 321 for this claim.

321.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

322.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

323.   McIver alleges the Target Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Target Facility was not exempt under Health and Safety Code § 19956.

324.   The Target Defendant's non-compliance with these requirements at the Target Facility aggrieved (or potentially aggrieved) McIver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1
2
3
4

## XXXIV.  TWENTY-NINTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(the Common Area Facility)

5    325.  McIver incorporates the allegations contained in paragraphs 1
6 through 324 for this claim.

7    326.  Title III of the ADA holds as a "general rule" that no individual
8 shall be discriminated against on the basis of disability in the full and equal
9 enjoyment (or use) of goods, services, facilities, privileges, and accommodations
10 offered by any person who owns, operates, or leases a place of public
11 accommodation. 42 U.S.C. § 12182(a).

12    327.  The Common Area Defendant discriminated against McIver by
13 denying "full and equal enjoyment" and use of the goods, services, facilities,
14 privileges or accommodations of the Common Area Facility during each visit
15 and each incident of deterrence.

16    Failure to Remove Architectural Barriers in an Existing Facility

17    328.  The ADA specifically prohibits failing to remove architectural
18 barriers, which are structural in nature, in existing facilities where such removal
19 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
20 achievable" is defined as "easily accomplishable and able to be carried out
21 without much difficulty or expense." Id. § 12181(9).

22    329.  When an entity can demonstrate that removal of a barrier is not
23 readily achievable, a failure to make goods, services, facilities, or
24 accommodations available through alternative methods is also specifically
25 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

26    330.  Here, McIver alleges that the Common Area Defendant can easily
27 remove the architectural barriers at the Common Area Facility without much
28

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1  difficulty or expense, and that the Common Area Defendant violated the ADA by

2  failing to remove those barriers, when it was readily achievable to do so.

3      331.  In the alternative, if it was not "readily achievable" for the Common

4  Area Defendant to remove the Common Area Facility's barriers, then the

5  Common Area Defendant violated the ADA by failing to make the required

6  services available through alternative methods, which are readily achievable.

7              Failure to Design and Construct an Accessible Facility

8      332.  On information and belief, the Common Area Facility was designed

9  or constructed (or both) after January 26, 1992—independently triggering access

10  requirements under Title III of the ADA.

11      333.  The ADA also prohibits designing and constructing facilities for

12  first occupancy after January 26, 1993, that aren't readily accessible to, and

13  usable by, individuals with disabilities when it was structurally practicable to do

14  so. 42 U.S.C. § 12183(a)(1).

15      334.  Here, the Common Area Defendant violated the ADA by designing

16  or constructing (or both) the Common Area Facility in a manner that was not

17  readily accessible to the physically disabled public—including McIver—when it

18  was structurally practical to do so.[24]

19              Failure to Make an Altered Facility Accessible

20      335.  On information and belief, the Common Area Facility was modified

21  after January 26, 1992, independently triggering access requirements under the

22  ADA.

23      336.  The ADA also requires that facilities altered in a manner that affects

24  (or could affect) its usability must be made readily accessible to individuals with

25  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

26  an area that contains a facility's primary function also requires adding making

27

28  [24]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
       private attorney general under either state or federal statutes.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

Page 65

the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

337. Here, the Common Area Defendant altered the Common Area Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including McIver—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

338. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

339. Here, the Common Area Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Common Area Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

340. McIver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

341. McIver also seeks a finding from this Court (*i.e.,* declaratory relief) that the Common Area Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

XXXV. THIRTIETH CLAIM

**Disabled Persons Act**

(The Common Area Facility)

342. McIver incorporates the allegations contained in paragraphs 1 through 341 for this claim.

343.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

344.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

345.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

346.   Here, the Common Area Defendant discriminated against the physically disabled public—including McIver—by denying them full and equal access to the Common Area Facility.   The Common Area Defendant also violated McIver's rights under the ADA, and, therefore, infringed upon or violated (or both) McIver's rights under the Disabled Persons Act.

347.   For each offense of the Disabled Persons Act, McIver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

348.   He also seeks to enjoin the Common Area Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XXXVI. THIRTY-FIRST CLAIM

### Unruh Civil Rights Act

(The Common Area Facility)

349.   McIver incorporates the allegations contained in paragraphs 1 through 348 for this claim.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

350.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

351.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

352.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

353.   The Common Area Defendant's aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

354.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against McIver by violating the Unruh Act.

355.   McIver was damaged by the Common Area Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

356.   McIver also seeks to enjoin the Common Area Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXXVII. THIRTY-SECOND CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Common Area Facility)

357.   McIver incorporates the allegations contained in paragraphs 1 through 356 for this claim.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

1    358.   Health and Safety Code § 19955(a) states, in part, that: California

2    public accommodations or facilities (built with private funds) shall adhere to the

3    provisions of Government Code § 4450.

4    359.   Health and Safety Code § 19959 states, in part, that: Every existing

5    (non-exempt) public accommodation constructed prior to July 1, 1970, which is

6    altered or structurally repaired, is required to comply with this chapter.

7    360.   McIver alleges the Common Area Facility is a public

8    accommodation constructed, altered, or repaired in a manner that violates Part

9    5.5 of the Health and Safety Code or Government Code § 4450 (or both), and

10   that the Common Area Facility was not exempt under Health and Safety Code §

11   19956.

12   361.   The Common Area Defendant's non-compliance with these

13   requirements at the Common Area Facility aggrieved (or potentially aggrieved)

14   McIver and other persons with physical disabilities.   Accordingly, he seeks

15   injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

16                     XXXVIII. PRAYER FOR RELIEF

17   WHEREFORE, McIver prays judgment against the La Salsa Defendants for:

18   1.     Injunctive relief, preventive relief, or any other relief the Court deems

19   proper.

20   2.     Declaratory relief that the La Salsa Defendants violated the ADA for the

21   purposes of Unruh Act or Disabled Persons Act damages.

22   3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the

23   California Civil Code (but not both) according to proof.

24   4.     Attorneys' fees, litigation expenses, and costs of suit.[25]

25   5.     Interest at the legal rate from the date of the filing of this action.

26

27

28

---

[25]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

## XXXIX. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Applebee's Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Applebee's Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[26]

5.      Interest at the legal rate from the date of the filing of this action.

## XL. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Cost Plus Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Cost Plus Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[27]

5.      Interest at the legal rate from the date of the filing of this action.

## XLI. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Toys 'R' Us Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Toys 'R' Us Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

---

[26] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[27] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[28]

5.    Interest at the legal rate from the date of the filing of this action.

### XLII. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Party City Defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Party City Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[29]

5.    Interest at the legal rate from the date of the filing of this action.

### XLIII. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Mervyn's Defendant for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Mervyn's Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[30]

5.    Interest at the legal rate from the date of the filing of this action.

---

[28] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[29] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[30] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

## XLIV. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Target Defendant for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Target Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[31]

5.      Interest at the legal rate from the date of the filing of this action.

## XLV. PRAYER FOR RELIEF

WHEREFORE, McIver prays judgment against the Common Area Defendant for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Common Area Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[32]

5.      Interest at the legal rate from the date of the filing of this action.

DATED: January 21, 2008          DISABLED ADVOCACY GROUP, APLC

LYNN HUBBARD, III
Attorney for Plaintiff, Larry McIver

---

[31]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[32]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*McIver v. Escondido Promenade*
Plaintiff's Complaint

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LARRY McIVER

**DEFENDANTS**
Please see attached list

08 JAN 23 PM 3:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC  (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

Attorneys (If Known)

'08 CV 0132 IEG WMC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational |  | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |  | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  |  | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

In the TORTS column (second subcolumn):
PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  01/21/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146786  AMOUNT 350,

APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1/23/08

# <u>LIST OF DEFENDANTS</u>

1. TARGET CORPORATION dba TARGET #274
2. COST PLUS, INC. dba COST PLUS WORLD MARKET #145
3. FRIT ESCONDIDO PROMENADE, LLC
4. LA SALSA, INC. dba LA SALSA #93
5. APPLEBEE'S RESTAURANTS WEST, LLC dba APPLEBEE'S NEIGHBORHOOD BAR & GRILL #5711
6. TOYS 'R' US – DELAWARE, INC. dba TOYS 'R' US #5633
7. PARTY CITY CORPORATION dba PARTY CITY OF ESCONDIDO #445
8. INLAND WESTERN MDS PORTFOLIO, LLC

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146786    — SR
* * C O P Y * *
January 23, 2008
15:31:26**

**Civ Fil Non-Pris**
USAO #.: 08CV0132 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:            $350.00 CK
Check#.: BC#20578

**Total—>  $350.00**

FROM: MCIVER V. TARGET, ET AL
      CIVIL FILING