1  DAVID F. FAUSTMAN, State Bar No. 081862
2  dfaustman@foxrothschild.com
   LYNNE M. HOOK, State Bar No. 169064
3  lhook@foxrothschild.com
4  FOX ROTHSCHILD LLP
   1801 Century Park East, Suite 1420
5  Los Angeles, CA  90067
   Tel:   310.556.8786
6  Fax:   310.843.9910
7
8  Attorneys for Defendant
   PARTY CITY CORPORATION
9

10              UNITED STATES DISTRICT COURT

11        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  LARRY McIVER,                        Case No. 08 CV 0132 IEG WMg

14                        Plaintiff,     **DEFENDANT PARTY CITY**
                                         **CORPORATION'S ANSWER**
15                                       **TO PLAINTIFF'S**
             vs.                         **COMPLAINT**
16

17  TARGET CORPORATION dba
18  TARGET #274; COST PLUS, INC. dba
    COST PLUS WORLD MARKET #145;
19  FRIT ESCONDIDO PROMENADE,
    LLC; LA SALSA, INC. dba LA SALSA
20  #93; APPLEBEE'S RESTAURANTS
21  WEST, LLC dba APPLEBEE'S
    NEIGHBORHOOD BAR & GRILL
22  #5711; TOYS 'R' US – DELAWARE,
23  INC. dba TOYS 'R' US #5633; PARTY
    CITY CORPORATION dba PARTY
24  CITY OF ESCONDIDO #445; INLAND
25  WESTERN MDS PORTOFOLIO, LLC,
26
27                        Defendants.
28
                              1
                           ANSWER

Defendant Party City Corporation (erroneously sued as "PARTY CITY CORPORATION dba PARTY CITY OF ESCONDIDO) ("Defendant PCC") hereby submits this Answer to Plaintiff Larry McIver's ("Plaintiff") Complaint For Damages, Restitution and Injunctive Relief ("Complaint") as follows.

Defendant PCC denies each and every allegation in the Complaint not specifically admitted herein. Defendant PCC further denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant PCC, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant PCC owes Plaintiff any amounts whatsoever.

Responding specifically to the numbered allegations contained in the Complaint, Defendant PCC states the following:

## I. SUMMARY

1.    In response to paragraph 1 of the Complaint, Defendant PCC admits that this case purports to be a civil rights action for alleged discrimination. Defendant PCC further admits that it operates the business known as Party City of Escondido #445, located at 1270 Auto Park Way, Escondido, CA 92029 (the "Facility"). Defendant PCC denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise. Defendant PCC lacks adequate knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies all such remaining

2

ANSWER

allegations.

2.      In response to paragraph 2 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC lacks adequate information to admit or deny the remaining allegations in this paragraph, and on that basis denies all such remaining allegations.

## II.   JURISDICTION

3.      In response to paragraph 3 of the Complaint, Defendant PCC admits jurisdiction for Plaintiff's claims under the Americans with Disabilities Act of 1990 (the "ADA") brought pursuant to 28 U.S.C. Sections 1331 and 1343.  Except as expressly admitted herein, Defendant PCC denies each of the allegations in this paragraph.

4.      In response to paragraph 4 of the Complaint, Defendant PCC admits that Plaintiff invokes this Court's supplemental jurisdiction as to certain claims. To the extent that Plaintiff does not have a colorable claim under the ADA, Defendant PCC denies that this Court has pendent jurisdiction over the state law claims.  Except as expressly admitted or denied herein, Defendant PCC denies each of the allegations in this paragraph.

5.      In response to paragraph 5 of the Complaint, Defendant PCC denies that Plaintiff is entitled to declaratory relief, or any relief at all.  In further response to paragraph 5, Defendant PCC lacks adequate information to admit or deny the

3
ANSWER

remaining allegations in this paragraph, and on that basis denies all such allegations.

### III. VENUE

6.      In response to paragraph 6 of the Complaint, Defendant PCC admits that the FRIT Escondido Promenade, LLC (the "Property") and the Facility are located within the jurisdiction of the United States District Court, Southern District of California.  Except as expressly admitted herein, Defendant PCC denies each of the allegations in this paragraph.

### IV. PARTIES

7.      In response to paragraph 7 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

10.      In response to paragraph 10 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that

basis denies each and every allegation contained therein.

11.    In response to paragraph 11 of the Complaint, Defendant PCC admits that it leases and operates the Facility.  Defendant PCC further admits that it is a corporation.  Except as expressly admitted herein, Defendant PCC denies each of the allegations in this paragraph.

12.    In response to paragraph 12 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

13.    In response to paragraph 13 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

14.    In response to paragraph 14 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

15.    In response to paragraph 15 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

## V.  FACTS

16.    In response to paragraph 16 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that

ANSWER

WC1 23731v3 03/07/08

basis denies each and every allegation contained therein.

17.    In response to paragraph 17 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

18.    In response to paragraph 18 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

19.    In response to paragraph 19 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

20.    In response to paragraph 20, Defendant PCC admits that the Facility is a sales or retail establishment that is open to the general public.  Defendant PCC further admits that the Facility is intended for nonresidential use.  In further response to paragraph 20, Defendant PCC lacks adequate information to admit or deny whether the Facility's operation "affects commerce," and on that basis denies this allegation.

21.    In response to paragraph 21 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

22.    In response to paragraph 22 of the Complaint, Defendant PCC lacks

6

ANSWER

adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

23.    In response to paragraph 23 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

24.    In response to paragraph 24 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations regarding Plaintiff's purported visit or visits to the Facility or the Property.  Defendant PCC denies that it was or is in violation of state or federal disability access laws or codes, including but not limited to the ADA, the Unruh Civil Rights Act, California's Disabled Persons Act, California Health and Safety Code, and Title 24 of the California Building Code (collectively, the "Laws"), as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

25.    In response to paragraph 25 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

ANSWER

08CV0132 JEG WMg

27.     In response to paragraph 27 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

33.     In response to paragraph 33 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations regarding Plaintiff's

knowledge of purported "barriers" at the Facility. Defendant PCC denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

34.    In response to paragraph 34 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations regarding Plaintiff's allegations that he was "deterred," and "continues to be deterred," from visiting the Facility. Defendant PCC denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

35.    In response to paragraph 35 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

36.    In response to paragraph 36 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

37.    In response to paragraph 37 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

38.    In response to paragraph 38 of the Complaint, Defendant PCC lacks

ANSWER

WC1 23731v3 03/07/08

08CV0132 JEG WMg

adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

39.    In response to paragraph 39 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

40.    In response to paragraph 40 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

41.    In response to paragraph 41 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations regarding whether Plaintiff encountered alleged barriers at the Facility and whether those alleged "barriers" were "unrelated to his disability." Defendant PCC denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise. Defendant PCC further denies that Plaintiff is entitled to the relief requested, or any relief at all.

42.    In response to paragraph 42 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

43.    In response to paragraph 43 of the Complaint, Defendant PCC lacks

10

ANSWER

adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

44.    In response to paragraph 44 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

45.    In response to paragraph 45 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

46.    In response to paragraph 46 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

47.    In response to paragraph 47 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

48.    In response to paragraph 48 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

49.    In response to paragraph 49 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

11

ANSWER

08CV0132 JEG WMg

50.     In response to paragraph 50 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

51.     In response to paragraph 51 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

52.     In response to paragraph 52 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Defendant PCC denies each of the allegations in this paragraph.

55.     In response to paragraph 55, of the Complaint, Defendant PCC admits that it operates and controls some aspects of the Facility.  Defendant PCC denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

56.     In response to paragraph 56, of the Complaint, Defendant PCC denies

that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise. Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies each and every allegation in this paragraph.

57.    In response to paragraph 57 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

58.    In response to paragraph 58 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

59.    In response to paragraph 59 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

60.    In response to paragraph 60 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

61.    In response to paragraph 61 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

62.    In response to paragraph 62 of the Complaint, Defendant PCC lacks

ANSWER

adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

63.    In response to paragraph 63 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

64.    In response to paragraph 64 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

65.    In response to paragraph 65 of the Complaint, Defendant PCC lacks adequate information to admit or deny the allegations in this paragraph, and on that basis denies each and every allegation contained therein.

## VI. FIRST CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The La Salsa Facility)

66.    In response to paragraph 66 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 65 as if fully set forth herein.

67.    In response to paragraph 67 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

14

ANSWER

08CV0132 JEG WMg

68.    In response to paragraph 68 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

69.    In response to paragraph 69 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

70.    In response to paragraph 70 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

71.    In response to paragraph 71 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

72.    In response to paragraph 72 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

73.    In response to paragraph 73 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

74.    In response to paragraph 74 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

ANSWER

08CV0132 JEG WMg

WC1 23731v3 03/07/08

required.

75.    In response to paragraph 75 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

76.    In response to paragraph 76 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

77.    In response to paragraph 77 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

78.    In response to paragraph 78 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

79.    In response to paragraph 79 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

80.    In response to paragraph 80 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

81.    In response to paragraph 81 of the Complaint, Defendant PCC

16

ANSWER

08CV0132 JEG WMg

responds that it is not named in this cause of action and therefore no response is required.

82.     In response to paragraph 82 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## VII.  SECOND CLAIM

### Disabled Persons Act

### (The La Salsa Facility)

83.     In response to paragraph 83 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 82 as if fully set forth herein.

84.     In response to paragraph 84 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

85.     In response to paragraph 85 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

86.     In response to paragraph 86 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

87.     In response to paragraph 87 of the Complaint, Defendant PCC

responds that it is not named in this cause of action and therefore no response is required.

88.    In response to paragraph 88 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

89.    In response to paragraph 89 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

VII.  THIRD CLAIM

Unruh Civil Rights Act

(The La Salsa Facility)

90.    In response to paragraph 90 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 89 as if fully set forth herein.

91.    In response to paragraph 91 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

92.    In response to paragraph 92 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

93.    In response to paragraph 93 of the Complaint, Defendant PCC

responds that it is not named in this cause of action and therefore no response is required.

94.    In response to paragraph 94 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

95.    In response to paragraph 95 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

96.    In response to paragraph 96 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

97.    In response to paragraph 97 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

IX.  FOURTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The La Salsa Facility)

98.    In response to paragraph 98 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 97 as if fully set forth herein.

99.    In response to paragraph 99 of the Complaint, Defendant PCC

19

ANSWER

responds that it is not named in this cause of action and therefore no response is required.

100.    In response to paragraph 100 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

101.    In response to paragraph 101 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

102.    In response to paragraph 102 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

X. FIFTH CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Applebee's Facility)

103.    In response to paragraph 103 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 102 as if fully set forth herein.

104.    In response to paragraph 104 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

08CV0132 JEG WMg

1  105.    In response to paragraph 105 of the Complaint, Defendant PCC
2
3  responds that it is not named in this cause of action and therefore no response is
4  required.

5  106.    In response to paragraph 106 of the Complaint, Defendant PCC
6
7  responds that it is not named in this cause of action and therefore no response is
8  required.

9  107.    In response to paragraph 107 of the Complaint, Defendant PCC
10
11 responds that it is not named in this cause of action and therefore no response is
12 required.

13 108.    In response to paragraph 108 of the Complaint, Defendant PCC
14
15 responds that it is not named in this cause of action and therefore no response is
16 required.

17 109.    In response to paragraph 109 of the Complaint, Defendant PCC
18
19 responds that it is not named in this cause of action and therefore no response is
20 required.

21 110.    In response to paragraph 110 of the Complaint, Defendant PCC
22
23 responds that it is not named in this cause of action and therefore no response is
24 required.

25 111.    In response to paragraph 111 of the Complaint, Defendant PCC
26
27 responds that it is not named in this cause of action and therefore no response is
28

21

ANSWER

08CV0132 JEG WMg

required.

112.    In response to paragraph 112 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

113.    In response to paragraph 113 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

114.    In response to paragraph 114 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

115.    In response to paragraph 115 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

116.    In response to paragraph 116 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required

117.    In response to paragraph 117 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

118.    In response to paragraph 118 of the Complaint, Defendant PCC

22

ANSWER

responds that it is not named in this cause of action and therefore no response is required

119.   In response to paragraph 119 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required

## XI.  SIXTH CLAIM

## Disabled Persons Act

## (The Applebee's Facility)

120.   In response to paragraph 120 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 119 as if fully set forth herein.

121.   In response to paragraph 121 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

122.   In response to paragraph 122 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

123.   In response to paragraph 123 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

124.   In response to paragraph 124 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

125.    In response to paragraph 125 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

126.    In response to paragraph 126 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

### XII.  SEVENTH CLAIM

### Unruh Civil Rights Act

### (The Applebee's Facility)

127.    In response to paragraph 127 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 126 as if fully set forth herein.

128.    In response to paragraph 128 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

129.    In response to paragraph 129 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

130.    In response to paragraph 130 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

131.   In response to paragraph 131 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

132.   In response to paragraph 132 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

133.   In response to paragraph 133 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

134.   In response to paragraph 134 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XIII.  EIGHTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Applebee's Facility)

135.   In response to paragraph 135 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 134 as if fully set forth herein.

136.   In response to paragraph 136 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

137.    In response to paragraph 137 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

138.    In response to paragraph 138 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

139.    In response to paragraph 139 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XIV. NINTH CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Cost Plus Facility)

140.    In response to paragraph 140 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 139 as if fully set forth herein.

141.    In response to paragraph 141 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

26

ANSWER

142.    In response to paragraph 142 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

143.    In response to paragraph 143, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

144.    In response to paragraph 144, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

145.    In response to paragraph 145 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

146.    In response to paragraph 146 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

147.    In response to paragraph 147 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

148.    In response to paragraph 148 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

149.    In response to paragraph 149 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

150.    In response to paragraph 150 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

151.    In response to paragraph 151 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

152.    In response to paragraph 152 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

153.    In response to paragraph 153 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

154.    In response to paragraph 154 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

155.    In response to paragraph 155 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

28

ANSWER

08CV0132 JEG WMg

156.   In response to paragraph 156 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required .

## XV.  TENTH CLAIM

## Disabled Persons Act

## (The Cost Plus Facility)

157.   In response to paragraph 157 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 156 as if fully set forth herein.

158.   In response to paragraph 158 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

159.   In response to paragraph 159 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

160.   In response to paragraph 160 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

161.   In response to paragraph 161 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

162.   In response to paragraph 162 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

163.   In response to paragraph 163 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XVI. ELEVENTH CLAIM

Unruh Civil Rights Act

(The Cost Plus Facility)

164.   In response to paragraph 164 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 163 as if fully set forth herein.

165.   In response to paragraph 165 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

166.   In response to paragraph 166 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

167.   In response to paragraph 167 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

168.   In response to paragraph 168 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

169.   In response to paragraph 169 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

170.   In response to paragraph 170 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

171.   In response to paragraph 171 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XVII.  TWELFTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Cost Plus Facility)

172.   In response to paragraph 172 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 171 as if fully set forth herein.

173.   In response to paragraph 173 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

08CV0132 JEG WMg

174.    In response to paragraph 174 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

175.    In response to paragraph 175 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

176.    In response to paragraph 176 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XVIII. THIRTEENTH CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Toys 'R' Us Facility)

177.    In response to paragraph 177 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 176 as if fully set forth herein.

178.    In response to paragraph 178 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

179.    In response to paragraph 179 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

32

ANSWER

required.

180.   In response to paragraph 180 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

181.   In response to paragraph 181 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

182.   In response to paragraph 182 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

183.   In response to paragraph 183 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

184.   In response to paragraph 184 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

185.   In response to paragraph 185 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

186.   In response to paragraph 186 of the Complaint, Defendant PCC

ANSWER

08CV0132 JEG WMg

responds that it is not named in this cause of action and therefore no response is required.

187.    In response to paragraph 187 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

188.    In response to paragraph 188 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

189.    In response to paragraph 189 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

190.    In response to paragraph 190 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

191.    In response to paragraph 191 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

192.    In response to paragraph 192 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

193.    In response to paragraph 193 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XIX. FOURTEENTH CLAIM

### Disabled Persons Act

### (The Toys 'R' Us Facility)

194.    In response to paragraph 194 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 193 as if fully set forth herein.

195.    In response to paragraph 195 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

196.    In response to paragraph 196 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

197.    In response to paragraph 197 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

198.    In response to paragraph 198 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

08CV0132 JEG WMg

199.   In response to paragraph 199 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

200.   In response to paragraph 200 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XX. FIFTEENTH CLAIM

Unruh Civil Rights Act

(The Toys 'R' Us Facility)

201.   In response to paragraph 201 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 200 as if fully set forth herein.

202.   In response to paragraph 202 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

203.   In response to paragraph 203 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

204.   In response to paragraph 204 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

205.   In response to paragraph 205 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

206.   In response to paragraph 206 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

207.   In response to paragraph 207 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

208.   In response to paragraph 208 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XXI.  SIXTEENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

### (The Toys 'R' Us Facility)

209.   In response to paragraph 209 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 208 as if fully set forth herein.

210.   In response to paragraph 210 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

37

ANSWER

211.   In response to paragraph 211 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

212.   In response to paragraph 212 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

213.   In response to paragraph 213 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XXII.  SEVENTEENTH CLAIM

Americans With Disabilities Act

Denial of "Full and Equal" Enjoyment and Use

(The Party City Facility)

214.   In response to paragraph 214 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 213 as if fully set forth herein.

215.   In response to paragraph 215 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section 12182(a). In further response to paragraph 215, Defendant PCC states that the language of 42 U.S.C. Section 12182(a) speaks for itself.

216.   In response to paragraph 216, Defendant PCC denies each and every

ANSWER

WC1 23731v3 03/07/08

allegation contained therein.

### Failure to Remove architectural Barriers in an Existing Facility

217.   In response to paragraph 217, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Sections 12181(9) and 12182(b)(2)(A)(iv).  In further response to paragraph 217, Defendant PCC states that the language of 42 U.S.C. Sections 12181(9) and 12182(b)(2)(A)(iv) speaks for itself.

218.   In response to paragraph 218, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section 12182(b)(2)(A)(v).  In further response to paragraph 218, Defendant PCC states that the language of 42 U.S.C. Section 12182(b)(2)(A)(v) speaks for itself.

219.   In response to paragraph 219, Defendant PCC denies each and every allegation contained therein.

220.   In response to paragraph 220, Defendant PCC denies each and every allegation contained therein.

### Failure to Design and Construct an Accessible Facility

221.   In response to paragraph 221 of the Complaint, Defendant PCC admits that the Facility is subject to certain provisions of the Laws.  Except as expressly admitted herein, Defendant PCC denies all of the allegations in this paragraph.

ANSWER
WC1 23731v3 03/07/08

222.   In response to paragraph 222 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section 12183(a)(1).  In further response to paragraph 222, Defendant PCC states that the language of 42 U.S.C. Section 12183(a)(1) speaks for itself.

223.   In response to paragraph 223, Defendant PCC denies each and every allegation contained therein.

<u>Failure to Make an Altered Facility Accessible</u>

224.   In response to paragraph 224 of the Complaint, Defendant PCC admits that the Facility is subject to certain provisions of the Laws.  Except as expressly admitted herein, Defendant PCC denies all of the allegations in this paragraph.

225.   In response to paragraph 225 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section 12183(a)(2).  In further response to paragraph 225, Defendant PCC states that the language of 42 U.S.C. Section 12183(a)(2) speaks for itself.

226.   In response to paragraph 226, Defendant PCC denies each and every allegation contained therein.

<u>Failure to Modify Existing Policies and Procedures</u>

227.   In response to paragraph 227 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of 42 U.S.C. Section

WC1 23731v3 03/07/08

12182(b)(2)(A)(ii).  In further response to paragraph 495, Defendant PCC states that the language of 42 U.S.C. Section 12182(b)(2)(A)(ii) speaks for itself.

228.  In response to paragraph 228, Defendant PCC denies each and every allegation contained therein.

229.  In response to paragraph 229 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

230.  In response to paragraph 230 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

XXIII.  EIGHTEENTH CLAIM

Disabled Persons Act

(The Party City Facility)

231.  In response to paragraph 231 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 230 as if fully set forth herein.

232.  In response to paragraph 232 of the Complaint, Defendant PCC

41
ANSWER

admits that Plaintiff purports to cite certain portions of California Civil Code Section 54.  In further response to paragraph 232, Defendant PCC states that the language of Civil Code Section 54 speaks for itself.

233.   In response to paragraph 233 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of California Civil Code Section 54.1.  In further response to paragraph 233, Defendant PCC states that the language of Civil Code Section 54.1 speaks for itself.

234.   In response to paragraph 234 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of California Civil Code Sections 54(c) and 54.1(d).  In further response to paragraph 234, Defendant PCC states that the language of Civil Code Sections 54(c) and 54.1(d) speaks for itself.

235.   In response to paragraph 235, Defendant PCC denies each and every allegation contained therein.

236.   In response to paragraph 236 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

237.   In response to paragraph 237 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC

ANSWER

further denies that it was or is in violation of the Laws, as alleged or otherwise.

Defendant PCC further denies that it discriminated against Plaintiff or continues to

discriminate against Plaintiff, as alleged or otherwise.

XXIV.  NINETEENTH CLAIM

Unruh Civil Rights Act

(The Party City Facility)

238.   In response to paragraph 238 of the Complaint, Defendant PCC

incorporates its responses to paragraphs 1 through 237 as if fully set forth herein.

239.   In response to paragraph 239 of the Complaint, Defendant PCC

admits that Plaintiff purports to cite certain portions of California Civil Code

Section 51.  In further response to paragraph 239, Defendant PCC states that the

language of Civil Code Section 51 speaks for itself.

240.   In response to paragraph 240 of the Complaint, Defendant PCC

admits that Plaintiff purports to cite certain portions of California Civil Code

Section 51.5.  In further response to paragraph 240, Defendant PCC states that the

language of Civil Code Section 51.5 speaks for itself.

241.   In response to paragraph 241 of the Complaint, Defendant PCC

admits that Plaintiff purports to cite certain portions of California Civil Code

Section 51(f).  In further response to paragraph 241, Defendant PCC states that the

language of Civil Code Section 51(f) speaks for itself.

242.    In response to paragraph 242, Defendant PCC denies each and every allegation contained therein.

243.    In response to paragraph 243, Defendant PCC denies each and every allegation contained therein.

244.    In response to paragraph 244 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

245.    In response to paragraph 245 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

XXV.  TWENTIETH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Party City Facility)

246.    In response to paragraph 246 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 245 as if fully set forth herein.

247.    In response to paragraph 247 of the Complaint, Defendant PCC

44

ANSWER

admits that Plaintiff purports to cite certain portions of California Health and Safety Code Section 19955(a).  In further response to paragraph 247, Defendant PCC states that the language of Health and Safety Code Section 19955(a) speaks for itself.

248.   In response to paragraph 248 of the Complaint, Defendant PCC admits that Plaintiff purports to cite certain portions of California Health and Safety Code Section 19959.  In further response to paragraph 248, Defendant PCC states that the language of Health and Safety Code Section 19959 speaks for itself.

249.   In response to paragraph 249, Defendant PCC admits that the Facility is a "place of public accommodation" that is subject to certain provisions of the Laws, including certain provisions of the Health and Safety Code.  Except as expressly admitted herein, Defendant PCC denies each and every allegation in this paragraph.

250.   In response to paragraph 250 of the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise. Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

ANSWER

08CV0132 JEG WMg

XXVI. TWENTY-FIRST CLAIM

Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Mervyn's Facility)

251.    In response to paragraph 251 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 250 as if fully set forth herein.

252.    In response to paragraph 252 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

253.    In response to paragraph 253 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

254.    In response to paragraph 254, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

255.    In response to paragraph 255, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

256.    In response to paragraph 256 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

257.    In response to paragraph 257 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08                                                    08CV0132 JEG WMg

responds that it is not named in this cause of action and therefore no response is required.

258.    In response to paragraph 258 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

259.    In response to paragraph 259 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

260.    In response to paragraph 260 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

261.    In response to paragraph 261 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

262.    In response to paragraph 262 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

263.    In response to paragraph 263 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

08CV0132 JEG WMg

264.   In response to paragraph 264 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

265.   In response to paragraph 265 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

266.   In response to paragraph 266 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

267.   In response to paragraph 267 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XXVII. TWENTY-SECOND CLAIM

### Disabled Persons Act

### (The Mervyn's Facility)

268.   In response to paragraph 268 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 267 as if fully set forth herein.

269.   In response to paragraph 269 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

08CV0132 JEG WMg

270.    In response to paragraph 270 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

271.    In response to paragraph 271 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

272.    In response to paragraph 272 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

273.    In response to paragraph 273 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

274.    In response to paragraph 274 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XXVIII. TWENTY-THIRD CLAIM

Unruh Civil Rights Act

(The Mervyn's Facility)

275.    In response to paragraph 275 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 274 as if fully set forth herein.

49

ANSWER

276.    In response to paragraph 276 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

277.    In response to paragraph 277 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

278.    In response to paragraph 278 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

279.    In response to paragraph 279 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

280.    In response to paragraph 280 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

281.    In response to paragraph 281 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

282.    In response to paragraph 282 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

ANSWER

1    required.

2    ## XXIX.  TWENTY-FOURTH CLAIM

3

4    ## Denial of Full and Equal Access to Public Facilities

5    ## (The Mervyn's Facility)

6    283.    In response to paragraph 283 of the Complaint, Defendant PCC

7

8    incorporates its responses to paragraphs 1 through 282 as if fully set forth herein.

9    284.    In response to paragraph 284 of the Complaint, Defendant PCC

10

11   responds that it is not named in this cause of action and therefore no response is

12   required.

13   285.    In response to paragraph 285 of the Complaint, Defendant PCC

14

15   responds that it is not named in this cause of action and therefore no response is

16   required.

17   286.    In response to paragraph 286 of the Complaint, Defendant PCC

18

19   responds that it is not named in this cause of action and therefore no response is

20   required.

21   287.    In response to paragraph 287 of the Complaint, Defendant PCC

22

23   responds that it is not named in this cause of action and therefore no response is

24   required.

25

26

27

28

51

ANSWER

1

## XXX. TWENTY-FIFTH CLAIM

2

Americans with Disabilities Act of 1990

3

4

Denial of "Full and Equal" Enjoyment and Use

5

(The Target Facility)

6

288.    In response to paragraph 288 of the Complaint, Defendant PCC

7

8

incorporates its responses to paragraphs 1 through 287 as if fully set forth herein.

9

289.    In response to paragraph 289 of the Complaint, Defendant PCC

10

responds that it is not named in this cause of action and therefore no response is

11

12

required.

13

290.    In response to paragraph 290 of the Complaint, Defendant PCC

14

responds that it is not named in this cause of action and therefore no response is

15

16

required.

17

291.    In response to paragraph 291, Defendant PCC responds that it is not

18

named in this cause of action and therefore no response is required.

19

20

292.    In response to paragraph 292, Defendant PCC responds that it is not

21

named in this cause of action and therefore no response is required.

22

293.    In response to paragraph 293 of the Complaint, Defendant PCC

23

24

responds that it is not named in this cause of action and therefore no response is

25

required.

26

294.    In response to paragraph 294 of the Complaint, Defendant PCC

27

28

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

295.    In response to paragraph 295 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

296.    In response to paragraph 296 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

297.    In response to paragraph 297 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

298.    In response to paragraph 298 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

299.    In response to paragraph 299 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

300.    In response to paragraph 300 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

301.   In response to paragraph 301 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

302.   In response to paragraph 302 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

303.   In response to paragraph 303 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

304.   In response to paragraph 304 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XXXI. TWENTY-SIXTH CLAIM

### Disabled Persons Act

### (The Target Facility)

305.   In response to paragraph 305 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 304 as if fully set forth herein.

306.   In response to paragraph 306 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

307.   In response to paragraph 307 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

308.   In response to paragraph 308 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

309.   In response to paragraph 309 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

310.   In response to paragraph 310 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

311.   In response to paragraph 311 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XXXII. TWENTY-SEVENTH CLAIM

Unruh Civil Rights Act

(The Target Facility)

312.   In response to paragraph 312 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 311 as if fully set forth herein.

55

ANSWER

313.    In response to paragraph 313 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

314.    In response to paragraph 314 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

315.    In response to paragraph 315 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

316.    In response to paragraph 316 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

317.    In response to paragraph 317 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

318.    In response to paragraph 318 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

319.    In response to paragraph 319 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

ANSWER
WC1 23731v3 03/07/08

required.

## XXXIII.  TWENTY-EIGHTH CLAIM

Denial of Full and Equal Access to Public Facilities

(The Target Facility)

320.    In response to paragraph 320 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 319 as if fully set forth herein.

321.    In response to paragraph 321 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

322.    In response to paragraph 322 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

323.    In response to paragraph 323 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

324.    In response to paragraph 324 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

57

ANSWER

08CV0132 JEG WMg

# XXXIV. TWENTY-NINTH CLAIM

## Americans with Disabilities Act of 1990

## Denial of "Full and Equal" Enjoyment and Use

### (the Common Area Facility)

325.   In response to paragraph 325 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 324 as if fully set forth herein.

326.   In response to paragraph 326 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

327.   In response to paragraph 327 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

328.   In response to paragraph 328, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

329.   In response to paragraph 329, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

330.   In response to paragraph 330 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

331.   In response to paragraph 331 of the Complaint, Defendant PCC

ANSWER

WC1 23731v3 03/07/08

responds that it is not named in this cause of action and therefore no response is required.

332.    In response to paragraph 332 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

333.    In response to paragraph 333 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

334.    In response to paragraph 334 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

335.    In response to paragraph 335 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

336.    In response to paragraph 336 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

337.    In response to paragraph 337 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

338.    In response to paragraph 338 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

339.    In response to paragraph 339 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

340.    In response to paragraph 340 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

341.    In response to paragraph 341 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XXXV.  THIRTIETH CLAIM

Disabled Persons Act

(The Common Area Facility)

342.    In response to paragraph 342 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 341 as if fully set forth herein.

343.    In response to paragraph 343 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

ANSWER

WC1 23731v3 03/07/08

344.    In response to paragraph 344 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

345.    In response to paragraph 345 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

346.    In response to paragraph 346 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

347.    In response to paragraph 347 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

348.    In response to paragraph 348 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

XXXVI. THIRTY-FIRST CLAIM

Unruh Civil Rights Act

(The Common Area Facility)

349.    In response to paragraph 349 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 348 as if fully set forth herein.

61
ANSWER

350.   In response to paragraph 350 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

351.   In response to paragraph 351 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

352.   In response to paragraph 352 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

353.   In response to paragraph 353 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

354.   In response to paragraph 354 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

355.   In response to paragraph 355 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

356.   In response to paragraph 356 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is

ANSWER

required.

## XXXVII.  THIRTY-SECOND CLAIM

### Denial of Full and Equal Access to Public Facilities

#### (The Common Area Facility)

357.    In response to paragraph 357 of the Complaint, Defendant PCC incorporates its responses to paragraphs 1 through 356 as if fully set forth herein.

358.    In response to paragraph 358 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

359.    In response to paragraph 359 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

360.    In response to paragraph 360 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

361.    In response to paragraph 361 of the Complaint, Defendant PCC responds that it is not named in this cause of action and therefore no response is required.

## XXXVIII.  PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XXXVIII. Prayer for Relief in the

Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.      In response to paragraph 2 of part XXXVIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.      In response to paragraph 3 of part XXXVIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.      In response to paragraph 4 of part XXXVIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.      In response to paragraph 1 of part XXXVIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

XXXIX. PRAYER FOR RELIEF

1.      In response to paragraph 1 of part XXXIX. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.      In response to paragraph 2 of part XXXIX. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another

ANSWER
WC1 23731v3 03/07/08

party.

3.    In response to paragraph 3 of part XXXIX. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XXXIX. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XXXIX. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

XL. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XL. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XL. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.    In response to paragraph 3 of part XL. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

ANSWER

08CV0132 JEG WMg

WC1 23731v3 03/07/08

4.    In response to paragraph 4 of part XL. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XL. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

### XLI. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XLI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XLI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.    In response to paragraph 3 of part XLI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XLI. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XLI. Prayer for Relief in the

ANSWER

WC1 23731v3 03/07/08

Complaint, Defendant PCC responds that this paragraph is directed toward another party.

## XLII. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XLII. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

2.    In response to paragraph 2 of part XLII. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

3.    In response to paragraph 3 of part XLII. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as

ANSWER

08CV0132 JEG WMg

alleged or otherwise.

4.    In response to paragraph 4 of part XLII. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

5.    In response to paragraph 5 of part XLII. Prayer for Relief in the Complaint, Defendant PCC denies that Plaintiff is entitled to the relief requested, or any relief at all.  Defendant PCC further denies that it was or is in violation of the Laws, as alleged or otherwise.  Defendant PCC further denies that it discriminated against Plaintiff or continues to discriminate against Plaintiff, as alleged or otherwise.

XLIII. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XLIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XLIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

68
ANSWER

08CV0132 JEG WMg

3.    In response to paragraph 3 of part XLIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XLIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XLIII. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

## XLIV. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XLIV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XLIV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.    In response to paragraph 3 of part XLIV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XLIV. Prayer for Relief in the

69

ANSWER

08CV0132 JEG WMg

Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XLIV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

### XLV. PRAYER FOR RELIEF

1.    In response to paragraph 1 of part XLV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

2.    In response to paragraph 2 of part XLV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

3.    In response to paragraph 3 of part XLV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

4.    In response to paragraph 4 of part XLV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another party.

5.    In response to paragraph 5 of part XLV. Prayer for Relief in the Complaint, Defendant PCC responds that this paragraph is directed toward another

ANSWER

08CV0132 JEG WMg

party.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant PCC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each purported claim for relief alleged in the Complaint, is barred to the extent that it relies on events that occurred outside the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of attorney's fees or costs from Defendant PCC on any claims alleged in the Complaint. Plaintiff's Complaint did not cause any voluntary change in Defendant PCC's conduct, and Plaintiff cannot establish that Defendant PCC violated the Americans with Disabilities Act of 1990, Unruh Civil Rights Act, the Disabled Persons Act or Health & Safety Code Section 19955 *et seq*. In the alternative, to the extent that Plaintiff is entitled to recover attorney's fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the claims alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendant PCC because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant PCC.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to seek some or all of the injunctive relief sought in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

WC1 23731v3 03/07/08

08CV0132 JEG WMg

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief is barred because there is no actual, matured controversy between the parties as to the matters for which other relief is sought in that Plaintiff filed this action before the parties could establish that an actual controversy existed.

## TENTH AFFIRMATIVE DEFENSE

Defendant PCC is excused from having made, or making, any of the architectural changes referenced in the Complaint because the laws in question excuse performance under these circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant PCC is not obligated to remove the "barriers" alleged in this Complaint to the extent that the structures and real property at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged "barrier."

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on any claim for relief in this action because Defendant PCC has substantially complied with all applicable legal requirements.

73

ANSWER

08CV0132 JEG WMg

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's conduct concerning the matters alleged in the Complaint constitute carelessness, negligence, misconduct, or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of the Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

In acting in the manner he did, Plaintiff unnecessarily assumed the risk that he would suffer the damages sought in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover the damages sought in the Complaint because his admittance to and enjoyment of the Facility and the Property was not denied or interfered with by Defendant PCC or by any other party.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to seek or recover punitive damages against Defendant PCC for any of the claims for relief stated in the Complaint, nor has Plaintiff alleged facts establishing a lawful basis for the award of punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages under the Complaint because such an award would violate Defendant PCC's rights under the United States Constitution and under the Constitution of the State of California, including, but not limited to, Defendant PCC's rights to procedural due process under the Constitution of the State of California and the Fourteenth Amendment of the Constitution of the United States of America; protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States of America, and Article I, Section 17 of the Constitution of the State of California; and substantive due process provided in the Constitution of the State of California and the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

WHEREFORE, Defendant PCC prays as follows:

1.     That Plaintiff take nothing by reason of his Complaint;

2.     That Defendant PCC be awarded judgment in this action and the Complaint be dismissed with prejudice;

3.     For reasonable attorney's fees and costs of suit incurred herein; and

WC1 23731v3 03/07/08

08CV0132 JEG WMg

1              4.     For such other and further relief as the Court may deem just and

2    proper.

3

4

5    Dated:  March 7, 2008

6
                              Respectfully submitted,

7

8                                  FOX ROTHSCHILD LLP

9                                  s/ David F. Faustman

10                                 DAVID F. FAUSTMAN

11                                 Attorneys for Defendant
                              Party City Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER

WC1 23731v3 03/07/08

08CV0132 JEG WMg

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER

08CV0132 JEG WMg

WC1 23731v3 03/07/08