1  COOPER, WHITE & COOPER LLP
   MARCY J. BERGMAN (SBN 75826)
2  MERRIT M. JONES (SBN 209033)
   201 California Street, 17th Floor
3  San Francisco, California  94111
   Telephone:   415-433-1900
4  Facsimile:   415-433-5530

5  Attorneys for Defendant
   COST PLUS, INC.,
6  dba COST PLUS WORLD MARKET #145

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  LARRY McIVER,                          Case No. 08 CV 0132 IEG WMC

12             Plaintiff,                  ANSWER TO PLAINTIFF'S
                                           COMPLAINT
13      v.

14  TARGET CORPORATION dba TARGET
    #274; COST PLUS, INC. dba COST PLUS
15  WORLD MARKET #145; FRIT
    ESCONDIDO PROMENADE, LLC; LA
16  SALSA, INC.  dba LA SALSA #93;
    APPLEBEE'S NEIGHBORHOOD BAR &
17  GRILL #5711; TOYS 'R' US – DELAWARE,
    INC. dba TOYS 'R' US #5633; PARTY CITY
18  CORPORATION dba PARTY CITY OF
    ESCONDIDO #445; INLAND WESTERN
19  MDS PORTFOLIO, LLC,

20             Defendants.

21

22

23

24

25

26

27

28

596364.1                                1

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW          ANSWER TO PLAINTIFF'S COMPLAINT
201 CALIFORNIA STREET          Case No. 08 CV 0132 IEG WMC
SAN FRANCISCO 94111

Defendant COST PLUS, INC. dba COST PLUS WORLD MARKET #145 ("World Market") answers the claims of Plaintiff's Complaint as follows:

## I. SUMMARY

1.      In response to paragraph 1, World Market admits that it operates a store located at 1256 Auto Park Way in Escondido, CA (the "World Market Store").  World Market lacks knowledge, information or belief sufficient to admit or deny the allegations as to any other defendant, and on that basis denies them.

2.      In response to paragraph 2, it contains no charging allegations, and thus requires no answer.

## II. JURISDICTION

3.      In response to paragraph 3, World Market admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      In response to paragraph 4, World Market admits that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over claims brought under parallel California law arising from the same nucleus of operative facts.

5.      In response to paragraph 5, it contains no charging allegations and thus requires no answer.

## III. VENUE

6.      In response to paragraph 6, World Market admits that its retail store lies within the Southern District of California.  Except as stated above, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

## IV. PARTIES

7-8.      In response to paragraphs 7-8. the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

9.      In response to paragraph 9, World Market admits that it is a corporation and that it operates the World Market Store.

596364.1

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 08 CV 0132 IEG WMC

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

10-15. In response to paragraphs 10-15, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

### V.  FACTS

16.     In response to paragraphs 16-17, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

18.     In response to paragraph 18, World Market admits that the World Market Store is a sales or retail establishment open to the public.  The remainder of the paragraph is too vague and ambiguous to enable World Market to admit or deny any allegations therein.

19-28.         In response to paragraphs 19-28, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

29.     In response to paragraph 29, World Market answers as follows:

•     Page 8, line 25:  World Market admits that the ramp to the south of the Store entrance does not have a handrail.  World Market denies that the slope of the ramp is 9.2%.

•     Page 8, lines 26-27:  World Market admits that the ramp to the north of the Store entrance does not have a handrail.  World Market denies that the slope of the ramp is 7.8%.

•     Page 9, lines 1-2:  World Market responds that it has an ADA accessible checkstand.

•     Page 9, line 3:  World Market denies the allegation therein.

•     Page 9, line 4:  World Market admits the allegation therein.

•     Page 9, lines 5-6:  World Market denies the allegation therein.

•     Page 9, line 7:  World Market admits the allegation therein.

•     Page 9, line 8:  World Market denies the allegation therein.

•     Page 9, line 10:  World Market admits the allegation therein.

•     Page 9, line 11:  World Market denies the allegation therein.

•     Page 9, line 12:  World Market denies the allegation therein.

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 08 CV 0132 IEG WMC

Except as specifically admitted and/or denied above, World Market lacks knowledge, information or belief sufficient to enable it to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

30.    In response to paragraph 30, World Market denies that its goods, services, and facilities are unavailable to physically disabled patrons.  World Market lacks knowledge, information or belief sufficient to admit or deny the remaining allegations in this paragraph and on that basis denies them.

31.-47.        In response to paragraphs 31-47, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

48.    In response to paragraph 48, World Market admits that it has the financial resources to make necessary access accommodations for physically disabled patrons.  World Market denies the remaining allegations in this paragraph.

49.    In response to paragraph 49, World Market admits that it has sufficient authority to modify the Store in order to remove any barriers to wheelchair access and to comply with the Americans with Disabilities Act.  World Market denies the remaining allegations in this paragraph.

50.    In response to paragraph 50, World Market denies the allegations in this paragraph.

51-139.In response to paragraphs 51-139, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

## XIV.   NINTH CLAIM

### Americans with Disabilities Act of 1990

(The World Market Facility)

140.    In response to paragraph 140, World Market incorporates and realleges the responses contained in paragraphs 1 through 139 above.

141.    In response to paragraph 141, it contains no charging allegations, and thus requires no answer.

4

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 08 CV 0132 IEG WMC

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

142.   In response to paragraph 142, World Market denies the allegations of this paragraph.

143.   In response to paragraph 143, it contains no charging allegations, and thus requires no answer.

144.   In response to paragraph 144, it contains no charging allegations, and thus requires no answer.

145.   In response to paragraph 145, World Market denies the allegations therein.

146.   In response to paragraph 146, World Market denies the allegations therein.

147.   In response to paragraph 147, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

148.   In response to paragraph 148, it contains no charging allegations, and thus requires no answer.

149.   In response to paragraph 149, World Market denies the allegations therein.

150.   In response to paragraph 150, World Market admits the allegations therein.

151.   In response to paragraph 151, it contains no charging allegations, and thus requires no answer.

152.   In response to paragraph 152, World Market denies the allegations therein.

153.   In response to paragraph 153, it contains no charging allegations, and thus requires no answer.

154.   In response to paragraph 154, it is too vague and ambiguous to enable World Market to admit or deny the allegations therein.

155.   In response to paragraph 155, it contains no charging allegations, and thus requires no answer.

156.   In response to paragraph 156, it contains no charging allegations, and thus requires no answer.

///

///

///

///

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 08 CV 0132 IEG WMC

## XIV.  TENTH CLAIM

### Disabled Persons Act

(The World Market Facility)

157.    In response to paragraph 157, World Market incorporates and realleges its responses in paragraphs 1 through 156 above.

158.    In response to paragraph 158, it contains no charging allegations, and thus requires no answer.

159.    In response to paragraph 159, it contains no charging allegations, and thus requires no answer.

160.    In response to paragraph 160, it contains no charging allegations, and thus requires no answer.

161.    In response to paragraph 161, World Market denies the allegations therein.

162.    In response to paragraph 162, it contains no charging allegations, and thus requires no answer.

163.    In response to paragraph 163, it contains no charging allegations, and thus requires no answer.

## XIV.  ELEVENTH CLAIM

### Unruh Civil Rights Act

(The World Market Facility)

164.    In response to paragraph 164, World Market incorporates and realleges its responses in paragraphs 1 through 163 above.

165.    In response to paragraph 165, it contains no charging allegations, and thus requires no answer.

166.    In response to paragraph 166, it contains no charging allegations, and thus requires no answer.

167.    In response to paragraph 167, it contains no charging allegations, and thus requires no answer.

168.    In response to paragraph 168, World Market denies the allegations therein.

169.    In response to paragraph 169, World Market denies the allegations therein.

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

170.    In response to paragraph 170, it contains no charging allegations, and thus requires no answer.

171.    In response to paragraph 171, it contains no charging allegations, and thus requires no answer.

## XIV.   ELEVENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The World Market Facility)

172.    In response to paragraph 172, World Market incorporates and realleges its responses in paragraphs 1 through 171 above.

173.    In response to paragraph 173, it contains no charging allegations, and thus requires no answer.

174.    In response to paragraph 174, it contains no charging allegations, and thus requires no answer.

175.    In response to paragraph 175, World Market denies the charging allegations therein.

176.    In response to paragraph 176, World Market denies the first sentence.  The second sentence contains no charging allegations, and thus requires no answer.

177-361.      In response to paragraphs 177 through 361, the allegations therein relate to defendants other than World Market; therefore, World Market lacks knowledge, information or belief sufficient to admit or deny the allegations therein and on that basis denies them.

## PRAYER FOR RELIEF

The prayer for relief contains no charging allegations, and thus require no answer. Plaintiff is entitled to take nothing by way of the complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the causes of action alleged in the Complaint, World Market alleges as follows:

///

///

596364.1

7

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

## First Affirmative Defense

1.     As a first Affirmative Defense, World Market alleges that the Complaint and each and every cause of action therein fails to state any claims upon which relief can be granted.

## Second Affirmative Defense

2.     As a second Affirmative Defense, World Market alleges that the Complaint and each and every cause of action therein is barred by all applicable statutes of limitation.

## Third Affirmative Defense

3.     As a third Affirmative Defense, World Market alleges that the Complaint and each and every cause of action therein is barred to the extent that the damages or losses allegedly sustained by Plaintiff, if any, were the direct and proximate result of intervening and superceding actions on the part of other parties, and not World Market , barring the Plaintiff's recovery from World Market and/or entitling World Market to indemnity or contribution from those parties.

## Fourth Affirmative Defense

4.     As a fourth Affirmative Defense, World Market alleges that it did not have control of the premises where the alleged disabled access violations exist.

## Fifth Affirmative Defense

5.     As a fifth Affirmative Defense, World Market demands that its fault or responsibility be compared to other parties and non-parties to this suit as provided by any governing statutory or common law scheme of comparative fault, comparative responsibility, and contribution.

## Sixth Affirmative Defense

6.     As a sixth and separate Affirmative Defense, World Market alleges that at the time of the filing of this answer, affirmative defenses may not have been alleged for reasons that insufficient facts and information were available after reasonable inquiry.  World Market therefore reserves the right to amend this answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent evaluation of

596364.1

8

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

ANSWER TO PLAINTIFF'S COMPLAINT
Case No. 08 CV 0132 IEG WMC

currently known facts and further reserves the right to seek indemnity and/or contribution from any third parties.

WHEREFORE, World Market prays for judgment as follows:

1.    That Plaintiff take nothing by reason of his Complaint and that judgment be entered in favor of World Market;

2.    That World Market be awarded costs of suit incurred in the defense of this action including reasonable attorneys' fees;

3.    For such other and further relief as the Court deems just and proper.

Dated: March 11, 2008

COOPER, WHITE & COOPER LLP
MARCY J. BERGMAN
MERRIT M. JONES


By:    /s/ Merrit M. Jones

Attorneys for Defendant WORLD MARKET, INC.
dba WORLD MARKET WORLD MARKET #145

596364.1

9

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111