1  SCHLICHTER & SHONACK, LLP
   STEVEN C. SHONACK, (CA SBN 173395)
2  KURT ANDREW SCHLICHTER, (CA SBN 172385)
   MARY E. NEIFERT, (CA SBN 237062)
3  3601 Aviation Boulevard, Suite 2700
   Manhattan Beach, CA 90266
4  Telephone: (310) 643-0111
   Fax: (310) 643-1638
5  scs@sandsattorneys.com
   kas@sandsattorneys.com
6
   Attorneys for Defendant FRIT
7  ESCONDIDO PROMENADE, LLC

8               UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA

| LARRY MCIVER, | ) USDC No. 08 CV 0132 IEG WMc |
|---|---|
| Plaintiff, | ) Complaint Filed: January 23, 2008 |
| v. | ) **DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367]** |
| TARGET CORPORATION dba TARGET #274; COST PLUS, INC. dba COST PLUS WORLD MARKET #145; FRIT ESCONDIDO PROMENADE, LLC; LA SALSA, INC. dba LA SALSA #93; APPLEBEE'S RESTAURANTS WEST, LLC dba APPLEBEE'S NEIGHBORHOOD BAR & GRILL #5711; TOYS 'R' US – DELAWARE, INC. dba TOYS 'R' US #5633; PARTY CITY CORPORATION dba PARTY CITY OF ESCONDIDO #445; INLAND WESTERN MDS PORTFOLIO, LLC, | |
| | Date: April 28, 2008 |
| | Time: 10:30 a.m. |
| | Courtroom: 1 |
| | Judge: Hon. Irma E. Gonzalez |
| Defendants. | |

                            i                    08 CV 0132 IEG WMc
DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant FRIT ESCONDIDO PROMENADE, LLC ("Defendant") hereby submits its memorandum of points and authorities in support of its Motion to Dismiss State Law Claims and Decline Supplemental Jurisdiction.

Dated:  March 13, 2008             SCHLICHTER & SHONACK, LLP

                                         /s/ - Steven C. Shonack
                                    By:  KURT A. SCHLICHTER
                                          STEVEN C. SHONACK
                                    Attorneys for Defendant FRIT
                                    ESCONDIDO PROMENADE, LLC

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION**

## I.  INTRODUCTION

This Court is intimately familiar with disability access cases such as the instant action. Here, plaintiff Larry McIver, by his counsel Lynn Hubbard, has filed suit against this defendant, FRIT Escondido Promenade, LLC ("FRIT Escondido"), and several other defendants, alleging a long list of claimed violations of the Americans with Disabilities Act ("ADA") at the Escondido Promenade shopping center in Escondido. As this Court is well aware, plaintiff's counsel files a substantial number of such lawsuits in this District, including several cases before this Court. As in other cases, plaintiff's complaint here not only includes a claim for violation of the ADA, but also appends three intertwined state law claims—alleging violation of the Unruh Civil Rights Act ("Unruh Act"), violation of the California Disabled Persons Act ("Disabled Persons Act"), and violation of certain provisions of the California Health & Safety Code.

Recently, this Court has consistently declined to exercise supplemental jurisdiction over Unruh Act claims in ADA cases, per 28 U.S.C. § 1367, and, upon motion, has dismissed such claims under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1). In each case, this Court has found that there is an irreconcilable conflict between California courts and the Ninth Circuit as to the applicability of the "discriminatory intent" requirement of the Unruh Act, and has correctly ruled that such an issue presents a novel and complex question of state law that should be considered in state court and not in a lawsuit in this District as a matter of comity. Furthermore, this Court has also correctly declined to exercise supplemental

jurisdiction over the other state law claims, because they are so intertwined with the Unruh Act claim that they also are inappropriate for resolution in the federal forum.

This case presents the same novel and complex questions of state law and the same state law claims. For the same reasons as it has relied upon in recent cases, this Court should decline to exercise supplemental jurisdiction in this case and should dismiss the following claims asserted against FRIT Escondido: The Thirtieth Claim under the Disabled Persons Act; the Thirty-First Claim under the Unruh Civil Rights Act; and the Thirty-Second Claim under the California <u>Health & Safety Code</u>.

Furthermore, as discussed below in Section IV, *infra*, it is unclear from the Complaint whether, and to what extent, any of plaintiff's other state law claims are asserted against, or intended to apply to, FRIT Escondido. Accordingly, because FRIT Escondido should not be subject to any such state law claim regardless of where such a claim is asserted in the pleading, this Court should further order that FRIT Escondido is not subject to any such state law claims in this action under any portion of the Complaint. This will ensure that the Court's ruling dismissing such claims is clear to all parties and is properly enforced, and will prevent the potential for confusion and uncertainty as to whether plaintiff's state law claims against other defendants—to the extent they are maintained in this action—could also impose liability on FRIT Escondido.

## II. A MOTION TO DISMISS IS PROPER WHERE THE COURT DOES NOT HAVE JURISDICTION OVER A CLAIM

This Court does not have original jurisdiction over any of the state law claims asserted in this action. Although federal courts may, in their discretion, exercise supplemental jurisdiction over such claims, 28 U.S.C. § 1367(c) specifies the grounds on which supplemental jurisdiction should not be exercised:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

A motion to dismiss may be made pursuant to FRCP Rule 12(b)(1) on the basis that supplemental jurisdiction is improper. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). In considering such a motion, the Court considers the interests of judicial economy, convenience, fairness and comity. *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 173 (1997).

Where, as here, the challenge to jurisdiction arises from the face of the complaint, the Court looks only to the allegations set forth in the pleading. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). The burden of proving that there is jurisdiction over the challenged claims lies with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378 (1994).

This motion to dismiss is timely filed, pursuant to the Court's order allowing FRIT Escondido to file a responsive pleading in this action no later than March 20, 2008. (*See* Order entered as Docket Entry No. 13) Per *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* (9th Cir. 1988) 855 F.2d 1470, 1474, such an order extends the time in which a party may make a motion to dismiss under FRCP Rule 12. In any event, lack of subject matter jurisdiction can never be waived and can be raised by

any party, or the Court *sua sponte*, at any time, including after trial or on appeal. FRCP Rule 12(h)(3); *Westlands Water Dist. v. Firebaugh Canal* (9th Cir. 1993) 10 F.3d 667, 673.

## III. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE UNRUH ACT CLAIM ASSERTED AGAINST THIS MOVING DEFENDANT

For the same reasons such claims have been dismissed in other cases in this District, this Court should decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim, as a matter of comity, because resolution of such a claim presents a novel and complex issue of California law.

### A. The Unruh Act Claim Is Based on Alleged Violations of the ADA

Plaintiff's Unruh Act claim arises, in its entirety, out of alleged architectural barriers and other alleged ADA violations at the subject property. Plaintiff's long list of claimed violations is set forth in Part V. of the complaint, pages 5 to 15. Plaintiff's specific claims against FRIT Escondido are set forth in Paragraph 39 of the complaint, at pages 13-14. The alleged violations include claims of excessive cross slope and elevation changes in parking areas, excessive slope in curb ramps, insufficient signage, and insufficient dimensions for van accessible parking spaces. (Complaint, ¶ 39, pp. 13-14)

Plaintiff's Unruh Act claim against FRIT Escondido is set forth in the Thirty-First Claim. (Complaint, Section XXXVI, ¶¶ 349-356, pp. 67-68) In that claim, plaintiff relies on these alleged violations as the basis for his claim:

> The Common Area Defendant's aforementioned acts and omissions denied the physically disabled public—including McIver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability). (Complaint, ¶ 353, p. 68)

These are the same allegations upon which plaintiff has based his Twenty-Ninth Claim against FRIT Escondido for violations of the ADA. (Complaint, Section XXXIV, ¶¶ 325-341, pp. 64-66) Indeed, plaintiff specifically requests that the Court issue a judicial declaration finding that FRIT Escondido violated the ADA "in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act." (Complaint, ¶ 341, p. 66)

### B.   The Ninth Circuit's Application of the Unruh Act Is in Direct Conflict with California Law

The Unruh Act is codified in California Civil Code § 51, *et seq*. Pursuant to Civil Code § 51(f), a violation of the ADA also constitutes a violation of the Unruh Act. Remedies potentially available for violations of the Unruh Act include statutory damages, of up to $4,000 per violation. Civil Code § 52. The California Supreme Court, however, held that such damages can only be awarded upon a finding of discriminatory intent. *Harris v. Capital Growth Investors XIV*, 42 Cal. 3d 1142, 1175 (1991).

Despite *Harris* and its progeny, the Ninth Circuit has held expressly to the contrary—that no showing of discriminatory intent is required for statutory damages under the Unruh Act. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). In *Lentini*, the Ninth Circuit noted *Harris* but held that it did not apply to Unruh Act claims based on violations of the ADA. *Id.* at 847

1  ("[R]egardless of whether *Harris* may continue to have relevance to other Unruh
2  Act suits, no showing of intentional discrimination is required where the Unruh
3  Act violation is premised on an ADA violation.")
4      California Courts, however, have disapproved *Lentini*, and substantive law
5  in California continues to hold that a showing of discriminatory intent is required
6  under the Unruh Act.  In *Gunther v. Lin*, 144 Cal.App.4th 223, 252-257 (2006), the
7  California Court of Appeal explicitly rejected the Ninth Circuit's holding in
8  *Lentini*, concluding that "the *Lentini* court's analysis cannot be considered an
9  accurate statement of California law."  *Gunther*, *supra*, 144 Cal.App.4th at 252.
10 *Gunther* is still good law in California and is controlling on the substantive state
11 law issue as to the requisite showing for statutory damages under the Unruh Act.
12     Accordingly, there is an irreconcilable conflict between the Ninth Circuit
13 and California Courts as to whether a plaintiff must prove discriminatory intent to
14 be awarded statutory damages under the Unruh Act.

### C.     This Court Should Decline Supplemental Jurisdiction Over the Unruh Act Claim

18     This Court, like all federal courts, are required to follow and apply state
19 substantive law.  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 416
20 (1996).  However, in considering the Unruh Act claim in this case, this Court
21 would likewise be bound to following controlling precedent from the Ninth
22 Circuit.  Thus, this Court would be compelled to apply *Lentini* and simultaneously
23 apply California substantive law, which has held that *Lentini* is incorrect and that
24 discriminatory intent is required.  This is a conflict that cannot, and should not, be
25 resolved in this case or before this Court in the interests of comity and judicial
26 economy.  As the Supreme Court held in *United Mine Workers of America v.*

*Gibbs*, 383 U.S. 715, 726 (1966), federal courts should decline to exercise supplemental jurisdiction where there are conflicting interpretations of state law.

Indeed, this Court has granted motions to dismiss Unruh Act claims in recent ADA cases, including on February 25, 2008, in *Oliver v. Longs Drug Stores California, Inc.*, No. 07cv2302 IEG, 2008 U.S. Dist. LEXIS 14341 at *6-7 (S.D. Cal. Feb. 25, 2008). *See Oliver v. GMRI, Inc.*, No. 07cv1719 IEG, 2007 WL 4144995 (S.D. Cal. Nov. 19, 2007); *Wilson v. PFS, LLC*, 493 F.Supp.2d 1122 (S.D. Cal. 2007).

Nevertheless, some District Courts have continued to follow *Lentini* and have declined to follow *Gunther*. *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1135-41 (E.D. Cal. 2007). If the Unruh Act claim were to be maintained in this action this Court would be placed in the impossible position of applying state substantive law while still following the diametrically opposed holding in *Lentini*. As it has done before, in the interests of comity and substantial justice, this Court should decline to exercise supplemental jurisdiction over the Unruh Act claim and should grant the motion to dismiss.

### IV. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE OTHER STATE LAW CLAIMS

Plaintiff's other state law claims, alleging violation of the Disabled Persons Act and provisions of the California Health & Safety Code, should also be dismissed by this Court. These claims are so intertwined with plaintiff's Unruh Act claim that this Court should decline to exercise supplemental jurisdiction over them.

First, these claims, as asserted against FRIT Escondido, are based on the same allegations that form the basis for the Unruh Act claim. (*Cf.* Complaint, ¶¶ 353-354,

p. 68 *with* Complaint, ¶ 346, p. 67 (Disabled Persons Act); ¶ 361, p. 69 (<u>Health & Safety Code</u> Claim)  Second, plaintiff cannot recover damages for the same claimed violations under both the Unruh Act and the Disabled Persons Act.  As discussed above, Unruh Act damages are set forth in California <u>Civil Code</u> § 52.  Damages for violations of the Disabled Persons Act are set forth in California <u>Civil Code</u> § 54.3.  However, <u>Civil Code</u> § 54.3(c) specifically provides that damages <u>cannot</u> be awarded under both statutes:  "A person may not be held liable for damages pursuant to both this section and Section 52 for the same act or failure to act."  If the Unruh Act claim in this matter were to be tried separately, in a different forum, from the Disabled Persons Act claim, there is a substantial probability that plaintiff may erroneously seek, or be awarded, damages under both statutes.  In the interests of judicial economy, comity and substantial justice, this Court should decline supplemental jurisdiction over all state law claims asserted in this action.

### V. <u>THIS COURT'S ORDER SHOULD DISMISS THE SPECIFIC CLAIMS AGAINST THIS DEFENDANT AND SPECIFY THAT FRIT ESCONDIDO IS NOT SUBJECT TO ANY STATE LAW CLAIMS IN THIS ACTION UNDER ANY CLAIMS ASSERTED IN THE COMPLAINT</u>

For the foregoing reasons, this Court should dismiss the following claims that are expressly asserted against FRIT Escondido:

- The Thirtieth Claim under the Disabled Persons Act (Section XXXV of the Complaint, at ¶¶ 342-348);
- The Thirty-First Claim under the Unruh Civil Rights Act (Section XXXVI of the Complaint, ¶¶ 349-356); and
- The Thirty-Second Claim for Denial of Full and Equal Access to Public Facilities (Section XXXVII of the Complaint, ¶¶ 357-361).

To avoid the potential for uncertainty and confusion, and to ensure that this Court's ruling is clearly and strictly enforced, this Court should also order the dismissal of any and all state law claims asserted in the Complaint to the extent any claim in the Complaint is intended to apply, or in fact applies, to FRIT Escondido.

The 29th, 30th, 31st and 32nd claims in the Complaint are identified as relating to "The Common Area Facility." It is clear from the pleading that those particular claims are intended to apply to FRIT Escondido, and it is the state law claims included in that section that are the primary target of this Motion. These state law claims should be dismissed.

As drafted, though, the Complaint does not clearly specify which claims are addressed to which particular defendant or defendants, instead dividing the claims by location and identifying them as such in the caption to each claim. Although plaintiff does categorize the alleged violations by defendant, it is possible that in the course of this litigation plaintiff may seek to attribute liability for one or more conditions to more than one defendant. Identified as the "Common Area Defendant," and associated with the "Common Area Facility," FRIT Escondido is particularly susceptible to having allegations and claims that are currently associated with other defendants being subsequently attributed to it.

For example, plaintiff may contend that the alleged conditions currently attributed to defendant La Salsa—including alleged barriers in the parking area—are instead (or also) the legal responsibility of FRIT Escondido. Since, as drafted, the charging allegations for these alleged conditions are set forth in the First through Fourth Claims, there is the possibility that plaintiff may seek to impose liability against FRIT Escondido based upon those claims. Indeed, FRIT Escondido, and the other defendants, may be facing liability for conditions set forth in any, or all, of plaintiff's claims. Accordingly, an order dismissing only the

state law claims that are expressly attributed to FRIT Escondido at this time may be insufficient to fully carry out this Court's intent in granting the Motion.

It should be noted that this may not be the case, and that plaintiff only intends to pursue, with respect to each individual claim, the specific defendant that is associated with each "facility" as identified therein. Regardless of plaintiff's intent, however, in declining to exercise supplemental jurisdiction over the state law claims this Court will be ruling that no such state law claims can be prosecuted against FRIT Escondido in this action. This ruling should apply regardless of the form of the Complaint, and irrespective of whether plaintiff seeks to impose, or may later seek to impose, liability against FRIT Escondido under any state law claim alleged in the Complaint.

## VI.   CONCLUSION

For the foregoing reasons, FRIT Escondido prays that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss all claims asserted against this moving Defendant for violation of the Unruh Act, violation of the Disabled Persons Act and violation of the California Health & Safety Code.

Dated:  March 13, 2008            SCHLICHTER & SHONACK, LLP

                  /s/ - Steven C. Shonack
            By:  KURT A. SCHLICHTER
                 STEVEN C. SHONACK
            Attorneys for Defendant FRIT
            ESCONDIDO PROMENADE, LLC

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION