SCHLICHTER & SHONACK, LLP
STEVEN C. SHONACK, (CA SBN 173395)
KURT ANDREW SCHLICHTER, (CA SBN 172385)
MARY E. NEIFERT, (CA SBN 237062)
3601 Aviation Boulevard, Suite 2700
Manhattan Beach, CA 90266
Telephone: (310) 643-0111
Fax: (310) 643-1638
scs@sandsattorneys.com
kas@sandsattorneys.com

Attorneys for Defendant FRIT
ESCONDIDO PROMENADE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MCIVER,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION dba TARGET #274; COST PLUS, INC. dba COST PLUS WORLD MARKET #145; FRIT ESCONDIDO PROMENADE, LLC; LA SALSA, INC. dba LA SALSA #93; APPLEBEE'S RESTAURANTS WEST, LLC dba APPLEBEE'S NEIGHBORHOOD BAR & GRILL #5711; TOYS 'R' US – DELAWARE, INC. dba TOYS 'R' US #5633; PARTY CITY CORPORATION dba PARTY CITY OF ESCONDIDO #445; INLAND WESTERN MDS PORTFOLIO, LLC,<br><br>    Defendants. | USDC No. 08 CV 0132 IEG WMc<br>Complaint Filed: January 23, 2008<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE PENDING HEARING ON MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION**<br><br>ENE Conference Date: April 4, 2008<br>Time:          9:30 a.m.<br>Courtroom:  C, 1st Floor<br>Magistrate Judge: Hon. William McCurine, Jr.<br><br>**ORAL ARGUMENT NOT REQUIRED** |

i                                                                08 CV 0132 IEG WMc

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MOTION TO
CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2  PLEASE TAKE NOTICE THAT Defendant FRIT ESCONDIDO
3  PROMENADE, LLC, hereby moves the Court for an order continuing the Early
4  Neutral Evaluation Conference until after the Court rules on this moving
5  defendant's Motion to Dismiss the state law claims asserted against it in this
6  action.

7  This Motion is made on the grounds that the Court should continue the Early
8  Neutral Evaluation Conference, currently set for April 4, 2008, until after this
9  moving defendant's Motion to Dismiss is heard on April 28, 2008.  Because the
10 Motion to Dismiss seeks the dismissal of all claims in which legal damages are
11 sought, prior resolution of that motion is crucial to any substantive settlement
12 negotiations with plaintiff.  If the Early Neutral Evaluation Conference is held
13 before the Court rules on the Motion to Dismiss, then the parties will have no
14 realistic chance of reaching a substantive settlement, because plaintiff has
15 demanded legal damages on claims that are likely to be dismissed by the Court.

16 This Motion is based upon this notice, the concurrently filed memorandum
17 of points and authorities, the concurrently filed proposed order, the previously filed
18 Motion to Dismiss (Docket Entry No. 32), all documents and pleadings on file with
19 the Court in this matter, and upon such oral and documentary evidence as may be
20 presented at the hearing of this motion, if any.

21 Dated:  March 18, 2008                SCHLICHTER & SHONACK, LLP

23                                       /s/ - Steven C. Shonack
                                        By:  KURT A. SCHLICHTER
24                                           STEVEN C. SHONACK
25                                      Attorneys for Defendant FRIT
                                        ESCONDIDO PROMENADE, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE**

I. **INTRODUCTION**

Although this action presents a familiar fact pattern to this Court—a claim under the Americans with Disabilities Act ("ADA") and related state law claims—the nature and extent of the specific claims here makes this case a good candidate to have the Early Neutral Evaluation Conference ("ENE Conference") continued for a short period of 45-60 days. The primary reason a continuance is sought is so the Court can rule on the Motion to Dismiss the state law claims that has been filed by this moving defendant, FRIT Escondido Promenade, LLC ("FRIT Escondido"). The Motion to Dismiss is set to be heard before Judge Gonzalez on April 28, 2008. *See* Docket Entry No. 32.

As set forth below, and discussed in more detail in the Motion to Dismiss, resolution of that motion will determine whether plaintiff will be able to pursue statutory damages against FRIT Escondido for the alleged ADA violations. If the motion is granted, then plaintiff will be limited only to the equitable remedies available under the ADA, and the parties can focus their efforts on resolving those issues. If the motion is still pending at the time of the ENE Conference, then plaintiff will demand legal damages under the state law claims that are likely to be dismissed by the Court. In that scenario, it is highly unlikely that a settlement will be reached because there will remain a substantive dispute as to the scope of plaintiff's remedies. To maximize the possibility for settlement at the ENE Conference, the Court should order that it be continued until after the Court rules on the Motion to Dismiss and the parties have a clear understanding of the true nature and scope of the action and available remedies.

## II. PROCEDURAL HISTORY

On January 23, 2008, plaintiff Larry McIver, by his counsel Lynn Hubbard, filed suit against FRIT Escondido and seven other defendants, alleging a long list of claimed ADA violations at the Escondido Promenade shopping center in Escondido. *See* Docket Entry No. 1.  Plaintiff's complaint not only includes a claim for violation of the ADA, but also appends three intertwined state law claims—alleging violation of the Unruh Civil Rights Act ("Unruh Act"), violation of the California Disabled Persons Act ("Disabled Persons Act"), and violation of certain provisions of the California Health & Safety Code.

This Court issued its order setting the ENE Conference on February 21, 2008, three days after the first two defendants in this action filed their responsive pleadings. *See* Docket Entry No. 22.  The Court set the ENE Conference for April 4, 2008.

Many of the defendants, including FRIT Escondido, were granted extensions of time to file a responsive pleading.  Indeed, not all of the parties have yet filed a responsive pleading.  Defendant Applebee's Restaurants West, LLC, have been granted an extension to file a responsive pleading to March 24, 2008.  *See* Docket Entry No. 24.  Defendant Target Corporation has also not yet filed a responsive pleading or otherwise appeared in the action.

FRIT Escondido was granted an extension to file its responsive pleading to March 20, 2008.  *See* Docket Entry No. 13.  On March 14, 2008, FRIT Escondido filed a Motion to Dismiss the three state law claims.  *See* Docket Entry No. 32.  That motion is set to be heard before Judge Gonzalez on April 28, 2008.

On March 14, 2008, plaintiff served his Early Neutral Evaluation Statement, in which he demanded statutory damages under the state law claims against FRIT Escondido.  Statutory damage demands were also made against each of the other defendants.

## III. THE COURT IS VERY LIKELY TO DISMISS THE STATE LAW CLAIMS AND PLAINTIFF WILL NOT BE ENTITLED TO SEEK OR RECOVER STATUTORY DAMAGES

Courts in this District have consistently declined to exercise supplemental jurisdiction over Unruh Act claims in ADA cases, per 28 U.S.C. § 1367, and, upon motion, have dismissed such claims under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1). *Oliver v. Longs Drug Stores California, Inc.*, No. 07cv2302 IEG, 2008 U.S. Dist. LEXIS 14341 at *6-7 (S.D. Cal. Feb. 25, 2008); *Oliver v. GMRI, Inc.*, No. 07cv1719 IEG, 2007 WL 4144995 (S.D. Cal. Nov. 19, 2007); *Wilson v. PFS, LLC*, 493 F.Supp.2d 1122 (S.D. Cal. 2007).

In each case, the Court has found that there is an irreconcilable conflict between California courts and the Ninth Circuit as to the applicability of the "discriminatory intent" requirement of the Unruh Act. The Ninth Circuit has held that no showing of discriminatory intent is required for statutory damages under the Unruh Act. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). California Courts, however, have disapproved *Lentini*, and substantive law in California continues to hold that a showing of discriminatory intent is required under the Unruh Act. In *Gunther v. Lin*, 144 Cal.App.4th 223, 252-257 (2006), the California Court of Appeal explicitly rejected the Ninth Circuit's holding in *Lentini*, concluding that "the *Lentini* court's analysis cannot be considered an accurate statement of California law." *Gunther*, *supra*, 144 Cal.App.4th at 252.

This presents an irreconcilable conflict between the Ninth Circuit and California Courts as to whether a plaintiff must prove discriminatory intent to be awarded statutory damages under the Unruh Act. When faced with these exact same type of claims, the Court has correctly ruled that such an issue presents a novel

and complex question of state law that should be considered in state court and not in a lawsuit in this District as a matter of comity.

Furthermore, this Court has also correctly declined to exercise supplemental jurisdiction over the other state law claims, because they are so intertwined with the Unruh Act claim that they also are inappropriate for resolution in the federal forum.

## IV. PLAINTIFF AND FRIT ESCONDIDO WILL NOT HAVE A MEANINGFUL OPPORTUNITY FOR SETTLEMENT UNTIL THE MOTION TO DISMISS IS RULED UPON

As set forth above, plaintiff is seeking statutory damages against FRIT Escondido. Such damages are based entirely on the state law claims that are the subject of the Motion to Dismiss. No other legal damages are sought, and no such remedies are available under the federal law claim for violations of the ADA. If the ENE Conference is held before the Court rules on the motion, then plaintiff will likely demand a settlement that includes at least a component of the state law damages claim. FRIT Escondido has filed what it believes to be a meritorious motion to dismiss those claims and does not believe that it is legally required to pay any such damages. This unresolved situation will make it very difficult, if not impossible, for the parties to reach or approach settlement without a major concession from one side or the other. As a practical matter, this means that the ENE Conference, if held on April 4, 2008, will have a minimal likelihood of resolving this matter.

On the other hand, if the ENE Conference is continued until after the Court rules on the Motion to Dismiss, the parties will be in a much better position to gauge the true value of the case and participate in meaningful settlement discussions. Regardless of which way the Court rules on the motion, the ruling will have a significant impact on the parties' relative positions with respect to damages exposure

and settlement. If the motion is granted, then the parties can conduct negotiations based solely on the equitable remedies available under the ADA. If the motion is denied, then the parties will be able to address the entirety of plaintiff's claims. At this time, however, it is premature for plaintiff to demand that any settlement include compensation for legal damages, or for that matter, for FRIT Escondido to outright deny consideration of any such claims. Once the parties have received the Court's ruling, and know where they stand, they can fully and meaningfully participate in the ENE Conference.

## V. CONCLUSION

For the foregoing reasons, FRIT Escondido prays that this Court continue the ENE Conference in this matter to a date after the Court has ruled on the Motion to Dismiss, which is currently set for hearing on April 28, 2008.

Dated: March 18, 2008                    SCHLICHTER & SHONACK, LLP

                                                    /s/ - Steven C. Shonack
                                         By: KURT A. SCHLICHTER
                                              STEVEN C. SHONACK
                                         Attorneys for Defendant FRIT
                                         ESCONDIDO PROMENADE, LLC