SCHLICHTER & SHONACK, LLP
STEVEN C. SHONACK, (CA SBN 173395)
KURT ANDREW SCHLICHTER, (CA SBN 172385)
MARY E. NEIFERT, (CA SBN 237062)
3601 Aviation Boulevard, Suite 2700
Manhattan Beach, CA 90266
Telephone: (310) 643-0111
Fax: (310) 643-1638
scs@sandsattorneys.com
kas@sandsattorneys.com

Attorneys for Defendant FRIT
ESCONDIDO PROMENADE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MCIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION dba TARGET #274; COST PLUS, INC. dba COST PLUS WORLD MARKET #145; FRIT ESCONDIDO PROMENADE, LLC; LA SALSA, INC. dba LA SALSA #93; APPLEBEE'S RESTAURANTS WEST, LLC dba APPLEBEE'S NEIGHBORHOOD BAR & GRILL #5711; TOYS 'R' US – DELAWARE, INC. dba TOYS 'R' US #5633; PARTY CITY CORPORATION dba PARTY CITY OF ESCONDIDO #445; INLAND WESTERN MDS PORTFOLIO, LLC,<br><br>    Defendants. | USDC No. 08 CV 0132 IEG WMc<br>Complaint Filed: January 23, 2008<br><br>**DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367]**<br><br>Date:          April 28, 2008<br>Time:         10:30 a.m.<br>Courtroom:  1<br>Judge:        Hon. Irma E. Gonzalez<br><br>**ORAL ARGUMENT NOT REQUIRED** |

1

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW
CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendant FRIT ESCONDIDO PROMENADE, LLC ("Defendant") hereby submits the following Reply Memorandum of Points and Authorities in Support of Defendant's Motion to Decline Supplemental Jurisdiction and to Dismiss Plaintiff's State Law Claims (the "Motion").

## I.    INTRODUCTION

Plaintiff LARRY MCIVER ("Plaintiff") acknowledges in his opposition that courts, including this Court, have denied supplemental jurisdiction in the same circumstances as those in the instant case. Nevertheless, Plaintiff proffers the identical arguments previously discredited by courts in these other recent cases. As it has in these previous cases, the Court should deny jurisdiction of Plaintiff's supplemental state law claims.

Plaintiff also argues that even if the Court dismisses his claim under the Unruh Civil Rights Acts ("Unruh Act"), it should retain jurisdiction over the other state claims. Allowing the other state law claims to go forward would run contrary both to principles of comity and to the legislature's intent in allowing courts to deny supplemental jurisdiction in order to deter forum shopping and promote justice. Further, Plaintiff cannot be allowed to proceed in both federal and state courts on different state law claims as he can recover statutory damages under either one of his state law claims – but not both.

This Court, along with other courts, have already granted motions to dismiss in cases with identical facts and law as those that exist in the instant case, dismissing all the state law claims. Accordingly, this Court should adhere to precedent and grant the instant motion.

## II. LEGAL ARGUMENT

### A. This Court Should Decline To Extend Supplemental Jurisdiction To Plaintiff's State Court Claims and Dismiss the Same Pursuant to 28 U.S.C. § 1367(c)

Plaintiff's Opposition cites several cases in an attempt to make various arguments against dismissal of the state law claim. Instead, Plaintiff's review of the pertinent case law merely supports Defendant's Motion by highlighting the inherent conflict between the state and federal courts' positions on the damages provision of the Unruh Act.

The dissension between the California Courts of Appeal and the Ninth Circuit District Courts is spelled out by Plaintiff in his Opposition. Plaintiff's review of Judge Karlton's analysis of the legislative history in *Wilson v. Haria and Gogri Corp*. 2007 WL 851744 (ED Cal. 2007) as well as Plaintiff's explanation of why *Gunther v. Lin*, 144 Cal.App.4th 223 (4th Dist. 2006) was improperly decided only highlights the conflict between the courts as to whether a showing of discriminatory intent should be required to recover under the Unruh Act.

For example, in *Gunther*, the court rejected the Ninth Circuit's holding in *Lentini v. California Center for the Arts*, *Escondido*, 370 F.3d 837, 847 (9th Cir. 2004), while the *Wilson* court reinforced it. The differing outcomes of these cases is sufficient evidence of the clear conflict between the state and federal courts on this matter.

While federal courts may not be bound by *Gunther*, California courts are indisputably bound. Therefore, the opposing interpretations of the California Unruh Act demand denial of supplemental jurisdiction over the Plaintiff's state law claims.

///

### B. This Court Has Previously Rejected The Arguments Raised in Plaintiff's Opposition And Should Continue To Do So

This Court found against Plaintiff based on the same arguments made in his Opposition to this Motion in the both the *Oliver v. GMRI dba Red Lobster* #0521, No. 07CV1719(WMC) (S.D. Cal. August 30, 2007) and *Cross v. Boston Market etc. et al.*, No. 07CV486J(LSP) (S.D. Cal. May 29, 2007) cases. There is no reason for the Court to change courses in the instant case.

### C. This Court Should Also Reject Plaintiff's Argument That The Court Should Retain Jurisdiction Over Some State Law Claims As It Lacks Authority Or Reason

Plaintiff admits a conflict exists between the Ninth Circuit and California courts and that as a result Plaintiff has little likelihood of success on this Motion. Nonetheless, Plaintiff argues that this Court should retain jurisdiction over some state law claims while dismissing others based on the argument that the Court need not address the issue of intent at this stage in the litigation. Rather, Plaintiff argues that the Court can proceed with all state claims except that under the Unruh Act and wait to decide whether or not intent is required at a later stage.

The Plaintiff's argument does not solve the issue of the conflict between the courts – rather, it merely attempts to delay the conflict put upon this Court. At some point, this Court will invariably be faced with deciding which law controls, and Plaintiff's argument that it can somehow be avoided by delaying dismissal of the state law claims is merely an attempt to obfuscate the real issue that the conflict requires dismissal of all state law claims as a matter of comity.

///
///
///

4

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

D. **Plaintiff's Argument That *Gunther* Should Be Disregarded As An Improper Interpretation Of The Law Merely Highlights the Depth of the Conflict Between Courts In This Case**

Plaintiff cites Eastern District Judge Lawrence Karlton's critique of *Gunther* in *Wilson v. Haria and Gogri Corp.*, 479 F. Supp.2d 1127, 1136 (E.D. Cal. 2007), to support Plaintiff's argument that this Court should retain jurisdiction over all but the Unruh Act state law claims. The crux of Judge Karlton's argument is that there is no conflict between the courts, as *Gunther* is not binding on federal courts because a federal court is free to disregard intermediate state court decisions where there is "convincing evidence" that the state's highest court would decide differently. Plaintiff's Opposition, 6:12-20. The evidence offered by Plaintiff to support this notion consists largely of Judge Karlton's opinion that the legislative history of Section 51 of the Unruh Act reveals an intent by the Legislature to provide persons injured by a violation of the ADA with the remedies provided by the Unruh Act and thus the California Court of Appeals misinterpreted the law in requiring intent in *Gunther*. Plaintiff also proffers his own opinion that *Gunther*'s ruling requiring intent, in light of Judge Karlton's critique, "makes no sense," Plaintiff's Opposition 9:17–18.

Plaintiff's recitation of Judge Karlton's critique and concomitant argument that the federal court should ignore *Gunther*, merely constitute another attempt by Plaintiff to confuse the real conflict issue this Court faces: when there are conflicting interpretations of state law, comity requires dismissal of the state law claims by federal courts. Further, neither the critique of Judge Karlton nor the opinion of Plaintiff that *Gunther* "makes no sense" constitute "convincing evidence" that the California Supreme Court would reject *Gunther*. To the contrary, Plaintiff's entire argument only serves to highlight the depth of the disparity between current decisions

5
DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

on the issue of the intent requirement as well as whether a federal court is bound to follow state law in such a case.

### E. Failure to Dismiss All State Law Claims Could Result In Plaintiff Seeking Double Recovery

If this Court retains jurisdiction over some of the Plaintiff's state law claims, Plaintiff could improperly seek double recovery, since he is only be entitled to statutory damages pursuant to either the Disabled Persons Act or the Unruh Civil Rights Act, but not both. Cal. Civ. Code §§ 52(a) and 54.3(a). This potential outcome alone is sufficient reason to deny supplemental jurisdiction to all of Plaintiff's state law claims.

## III. CONCLUSION

The existing conflict between the California state courts and the federal district courts pertaining to their interpretations of the Unruh Act requires this Court to deny supplemental jurisdiction and dismiss the state law claims. Further, the district court must dismiss all the Plaintiff's state law claims because they are inextricably intertwined and because recovery under the state claims are allowed in the alternative to one other. Therefore, as this Court has done in other recent cases presenting issues identical to those in the instant case, this Court should decline to exercise supplemental jurisdiction and dismiss the Plaintiff's state law claims.

Dated: April 18, 2008              SCHLICHTER & SHONACK, LLP

                                                              /s/ - Steven C. Shonack
                                        By: KURT A. SCHLICHTER
                                              STEVEN C. SHONACK
                                       Attorneys for Defendant FRIT
                                       ESCONDIDO PROMENADE, LLC

6

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

6

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

PROOF OF SERVICE – ECF SERVICE

State of California   )
                      ) SS.
County of Los Angeles )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3601 Aviation Boulevard, Suite 2700, Manhattan Beach, California 90266.

On the date below, I served the foregoing documents described as **DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367]** on all interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

Executed on April 18, 2008, at Manhattan Beach, California.

                    /s/ - Steven C. Shonack
                    STEVEN C. SHONACK

# SERVICE LIST
McIver v. Target Corporation, et al.
*USDC Case No. 08 CV 0132 IEG WMc*

| | |
|---|---|
| **Lynn Hubbard, III**<br>Disabled Advocacy Group, APLC<br>12 Williamsburg Lane<br>Chico, CA 95926<br>(530)895-3252<br>(530)894-8244 (fax)<br>usdcso@hubslaw.com | Attorneys for Plaintiff<br>Larry McIver |
| **George E Fleming**<br>Baker and Mackenzie<br>101 West Broadway<br>Suite 1200<br>San Diego, CA 92101-8213<br>(619)236-1441<br>(619)236-0429 (fax)<br>george.e.fleming@bakernet.com | Attorneys for Defendant<br>Applebee's Restaurants West, LLC |
| **Gregory Francis Hurley**<br>Greenberg Traurig<br>3161 Michelson Drive<br>Suite 1000<br>Irvine, CA 92612<br>949-732-6500<br>949-732-6501 (fax)<br>hurleyg@gtlaw.com | Attorneys for Defendant<br>Inland Western MDS Portfolio, LLC |
| **Merrit M Jones**<br>Cooper White and Cooper<br>201 California Street<br>17th Floor<br>San Francisco, CA 94111<br>(415)433-1900<br>mjones@cwclaw.com | Attorneys for Defendant<br>Cost Plus, Inc. |

| | | |
|---|---|---|
| 1 | **Henry L Sanchez** | Attorneys for Defendant |
| 2 | Jackson Lewis LLP | Toys 'R' Us - Delaware, Inc. |
| | 725 South Figueroa Street | |
| 3 | Suite 2500 | |
| 4 | Los Angeles, CA 90017-5419 | |
| | (213)689-0404 | |
| 5 | sanchezh@jacksonlewis.com | |
| 6 | | |
| 7 | **David F Faustman** | Attorneys for Defendant |
| | Fox Rothschild LLP | Party City Corporation |
| 8 | 1801 Century Park East | |
| 9 | Suite 1420 | |
| | Los Angeles, CA 90067 | |
| 10 | (310)556-8756 | |
| 11 | Fax: (310)843-9910 | |
| | dfaustman@foxrothschild.com | |
| 12 | | |
| 13 | **Robert Naeve** | Attorneys for Defendant |
| | Jones Day | Target Corporation |
| 14 | 3 Park Plaza, Suite 1100 | |
| 15 | Irvine, CA 92612 | |
| | (949) 553-7539 (fax) | |
| 16 | rnaeve@jonesday.com | |

9

DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW
CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION

## PROOF OF SERVICE – MAIL SERVICE

State of California        )
                           ) SS.
County of Los Angeles      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3601 Aviation Boulevard, Suite 2700, Manhattan Beach, California 90266.

On the date below, I served the foregoing documents described as **DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIMS AND DECLINE SUPPLEMENTAL JURISDICTION** [28 U.S.C. § 1367] on all interested parties in this action as follows:

| | |
|---|---|
| **Perry Roshan-Zamir** | Attorneys for Defendant |
| La Salsa, Inc. | La Salsa, Inc. |
| 100 Moody Court, Suite 200 | |
| Thousand Oaks, CA 91360 | |
| (805) 495-4704 | |
| (805) 367-0309 (fax) | |

I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Manhattan Beach, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on April 18, 2008, at Manhattan Beach, California.

_____
MARIA AMAYA