# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MCIVER,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, COST PLUS, INC., FRIT ESCONDIDO PROMENADE, LLC, LA SALSA, INC., APPLEBEE'S RESTAURANTS WEST, LLC, TOYS 'R' US - DELAWARE, INC., PARTY CITY CORPORATION, and INLAND WESTERN MDS PORTFOLIO, LLC,<br><br>　　　　　　　　Defendants. | CASE NO. 08CV00132-IEG-WMc<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANT FRIT ESCONDIDO PROMENADE, LLC'S MOTION TO DECLINE SUPPLEMENTAL JURISDICTION; [Doc. No. 32]**<br><br>**2) DISMISSING PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT FRIT ESCONDIDO PROMENADE LLC.** |

　　　Presently before the Court is defendant Frit Escondido Promenade, LLC's motion requesting the Court to decline supplemental jurisdiction and dismiss plaintiff's state law claims. (Doc. No. 32.) Plaintiff has filed an opposition (Doc. No. 44) and defendant has filed a reply (Doc. No. 45). The Court finds the matter appropriate for disposition without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons set forth herein, defendant's motion is granted.

//
//

BACKGROUND

Plaintiff Larry McIver has Becker's Muscular Dystrophy and is unable to walk or stand. (Complaint ¶ 15.) He requires the use of an electric scooter when traveling in public. (Id.) Plaintiff's claims arise from his visit to the restaurants and stores operated by defendants in Escondido, California. Plaintiff alleges defendants denied him full and equal access to these restaurants, stores, and common areas by failing to remove numerous barriers in violation of Title III of the Americans with Disabilities Act ("ADA") and Title 24 regulations. (Complaint ¶¶ 24-45.) Plaintiff alleges defendants have intentionally maintained the stores, restaurants, and common areas in their current non-compliant condition, and have intentionally refrained from altering them so as to comply with the accessibility standards. (Id. ¶¶ 46-65.)

Plaintiff states four claims for relief under Title III of the ADA, the California Disabled Persons Act (Cal. Civil Code §§ 54 & 54.1), the California Unruh Civil Rights Act (Cal. Civil Code §§ 51-52), and California Health and Safety Code § 19953 *et. seq.* Each claim is stated as to each defendant. Plaintiff seeks injunctive relief, declaratory relief, statutory damages, and attorneys' fees.

Defendant Frit Escondido Promenade, LLC moves to dismiss plaintiff's state law claims. Defendant argues plaintiff's claim under the Unruh Act presents novel and complex issues of state law such that the Court should decline to exercise its supplemental jurisdiction.

DISCUSSION

Legal Standard

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the court's subject matter jurisdiction "on the basis that supplemental jurisdiction . . . is improper" according to 28 U.S.C. § 1367. Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). In facial challenges to jurisdiction, such as the challenge made by defendant, the court's inquiry is confined to the allegations in the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Once a party challenges subject matter jurisdiction, the non-moving party bears the burden of establishing that

jurisdiction exists. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 378 (1994).

<u>Analysis</u>

Section 1367(a) of Title 28 grants federal courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966). To form part of the same "case or controversy," the state law claims must "derive from a common nucleus of operative fact[s] . . . such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." <u>Id.</u> Here, the Court may exercise supplemental jurisdiction over plaintiff's state law claims because those claims derive from the same "common nucleus of operative fact" as plaintiff's federal ADA claim.

However, in certain circumstances a district court can decline to exercise supplemental jurisdiction under Section 1367. <u>Mendoza v. Zirkle Fruit Co.</u>, 301 F.3d 1163, 1174 (9th Cir. 2002). The district court may decline to exercise supplemental jurisdiction over a state law claim if: 1) the claim raises a novel or complex issue of state law; 2) the state claim substantially predominates over the federal claims; 3) the district court has dismissed all federal claims; or 4) some other exceptional and compelling reason exists to decline jurisdiction. 28 U.S.C. § 1367(c); see, e.g., <u>Sparrow</u>, 385 F. Supp. 2d at 1070-71. In deciding whether to exercise supplemental jurisdiction, the court should consider the interests of judicial economy, convenience, fairness, and comity. <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 173 (1997); <u>Smith v. Lenches</u>, 263 F.3d 972, 977 (9th Cir. 2001). Defendant argues the Court should decline to exercise jurisdiction over plaintiff's state law claims in this case because those claims raise novel or complex issues. Defendant points to the recent dissension between the state and federal courts on the interpretation of California disability access statues, and argues the state court is the appropriate venue to resolve this dispute.

Under Title III of the ADA, a plaintiff must establish discriminatory intent to obtain injunctive relief. <u>Lentini v. Cal. Ctr. for the Arts</u>, 370 F.3d 837, 846-47 (9th Cir. 2004). Pursuant to Section 51(f) of the California Code of Civil Procedure, a violation of the ADA also qualifies as

1 a violation of the Unruh Act.  As a result, the Ninth Circuit has held that a plaintiff does not also
2 need to prove discriminatory intent to obtain damages under the Unruh Act.  Lentini, 370 F.3d at
3 847.  California courts, however, have held the Unruh Act *does* require proof of intentional
4 discrimination before a plaintiff can recover damages.  See Harris v. Capital Growth Investors
5 XIV, 42 Cal. 3d 1142, 1175 (1991); see generally Wilson v. PFS, LLC, 493 F. Supp. 2d 1122
6 (S.D. Cal. 2007) (discussing the history of the Unruh Act and the interpretation of the California
7 courts).  In fact, the California Court of Appeal in Gunther v. Lin, 144 Cal. App. 4th 223, 252-57
8 (2006) expressly rejected the Ninth Circuit's decision in Lentini and held that it improperly
9 interpreted California law so as to allow recovery of damages under Section 52 of the California
10 Code of Civil Procedure without proof of intentional discrimination.

11       The Court is obligated to follow the Ninth Circuit's decision in Lentini, which allows
12 plaintiffs to recover monetary damages under the Unruh Act without proving discriminatory
13 intent.  Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127, 1135-41 (E.D. Cal. 2007) (finding
14 Lentini controlling and declining to follow Gunther).  However, Gunther plainly holds that a
15 plaintiff seeking damages under Section 52 of the California Code of Civil Procedure must show
16 intentional discrimination.  Faced with this conflicting authority, this Court, and others in the
17 Southern District, have concluded it is appropriate to decline supplemental jurisdiction.  See, e.g.,
18 Oliver v. GMRI, INC., No. 07cv1719 IEG, 2007 WL 4144995 (S.D. Cal. Nov. 19, 2007); Wilson
19 v. PFS, LLC, 493 F. Supp. 2d 1122 (S.D. Cal. 2007); but see Pinnock v. Solana Beach Do It
20 Yourself Dog Wash, Inc., No. 06cv1816 BTM, 2007 WL 1989635 (S.D. Cal. July 3, 2007)
21 (finding Gunther decision does not raise a novel or complex issue of state law).
22 //
23 //
24 //
25 //
26 //
27 //
28 //

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss plaintiff's state law claims against Defendant Frit Escondido Promenade LLC and DISMISSES those claims without prejudice to being filed in state court.

**IT IS SO ORDERED.**

**DATED:  May 5, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**